# Nat Robinson

| | |
|---|---|
| **From:** | THOMAS CHRISTOPHER (17878083) |
| **Sent Date:** | Monday, February 10, 2014 9:37 AM |
| **To:** | nuggnat@aol.com |
| **Subject:** | MOTION TO VACATE RESTITUTION |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/14

CHRISTOPHER E. REESE
REGISTER NO. 17878-083
M.C.C. NEW YORK
150 PARK ROW
NEW YORK, NEW YORK 10007

February 10, 2014

{By Fax (212) 805-6382}
The Honorable Victor Marrero
United states District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: United States v. Christopher E. Reese, Docket No. S2 12 Cr. 629 (VM)

Dear Judge Marrero:

    On February 3, 2014, the Court entered an order of Restitution which included Wells Fargo Bank, among others, as a victim and directed that a sum totaling $22,918 be paid to them. For the reasons that follow, defendant seeks an order vacating the restitution order and scheduling a hearing:

I. WELLS FARGO BANK SUFFERED NO LOSS, AND THE GOVERNMENT DELIBERATELY MISREPRESENTED
    TO THE COURT THAT SUCH A LOSS WAS SUSTAINED BY WELLS FARGO BANK.

    At the outset, it should be noted that the Government has previously represented (correctly) to the Court that the Government took possession of the $22,918 they now claims was lost be Wells Fargo Bank. Specifically, in response to this defendant's claim that the proceeds of the $22,918 check which remained (untouched) in the account of Cristina Ramos until seized by the Government should form the basis for a sentence reduction under section 2X1.1 of the U.S. Sentencing Guidelines, the Government argued that "[a] defendant who steals $22,000 and leaves it in a bank account that the Government later seizes has still completed the crime of theft." {Government's Sentencing Memorandum submitted by Micah William Janso Smith, Assistant U.S. Attorney for the Southern District of New York, at 18 (Doc. No. 123, filed Dec. 13, 2913)}. The Government seized the funds, and has now represented to the Court that the funds resulted in a loss to Wells Fargo Bank -- a bank that has provided no documentation claiming a loss, because it has suffered absolutely no loss inasmuch as none of the funds were withdrawn from the account in which they were deposited prior to the Government having seized same.

    Assuming that the funds in question were never returned to Citibank -- from whom the Government seized them -- the Government should be directed to explain where the funds are, and why the Government elected not to return them. Additionally, the Government should be required to explain why it is that they have continuously and consistently made knowingly false, inconsistent, and material misrepresentations to the Court -- conduct that calls into question AUSA Micah William Janso Smith's integrity, and that of the Government. Although this defendant has elected to call this matter to the attention of the U.S. Attorney General (in addition to Preet Bharara, U.S. Attorney for the Southern District of New York) by this communication, the Court should refer this matter to appropriate officials in an effort to maintain the integrity and public perception of the judicial and

I

# Nat Robinson

adversarial process.

Accordingly, the restitution order should be vacated, and the Court should promptly schedule a hearing on this matter inasmuch as the Court failed to afford defendant an opportunity contest the restitution amount or the identity of the victims to whom restitution is properly due -- neither of which are correct in the present order.

## II. THE COURT, BY VIRTUE OF ADOPTING THE GOVERNMENT EX PARTE PROPOSED RESTITUTION ORDER, VIOLATED THIS DEFENDANT'S CONSTITUTIONAL RIGHT TO SELF-REPRESENTATION.

The Government has advised the Court that defense counsel, on July 29, 2013, had no objection to the victims or amounts listed in their previous proposed restitution order. The Government concedes that this defendant had not been consulted directly on this matter. On July 29, 2013, this defendant was not represented by counsel. The Government did not provide the proposed restitution order to this defendant, and the defendant did not consent to or concede anything. The Court's implicit acceptance of this claim raises serious constitutional questions, and also calls into question the Court's ability to render fair and impartial judgment. Consequently, this defendant requests that the Court recuse itself, pursuant to 28 U.S.C. 455(a) and (b), and direct that this matter be assigned to another judge. However, before recusal and reassignment, the Court should vacate the restitution order.

## III. CONCLUSION.

For the reasons stated, this motion should be granted.

Respectfully submitted,

/s/

CHRISTOPHER E. REESE

cc: Eric Holder, U.S. Attorney General (w/encl.)
Micah William Janso Smith, AUSA (SDNY) (by email)
Allan P. Haber, Esq. (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _defendant Christopher Reese_.

SO ORDERED.

2-14-14
DATE        VICTOR MARRERO, U.S.D.J.