```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                              12 CR 629 (VM)

CHRISTOPHER REESE,

              Defendant.

------------------------------x
                                         New York, N.Y.
                                         January 24, 2014
                                         9:30 a.m.

Before:

                   HON. VICTOR MARRERO,

                                         District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
MICAH SMITH
     Assistant United States Attorney

ALLAN HABER
     Attorney for Defendant
```

1             (Case called)

2             (In open court)

3             THE COURT:  This is a proceeding in the matter of
4    United States v. Christopher Reese, docket number 12 CR 629 and
5    it is scheduled as the sentencing of the defendant in this
6    matter.  Counsel, please enter your appearances for the record.

7             MR. SMITH:  Good morning, your Honor.  Micah Smith for
8    the government with me at counsel table is Melissa Vermeer, an
9    intern with the United States Attorney's Office.

10            MR. HABER:  Good morning, your Honor, Alan Haber for
11   the defendant.

12            THE COURT:  The Court notice the defendant is seated
13   next to his attorney.  I've read and reviewed the presentence
14   report dated July 25, 2013 prepared in connection with the
15   sentencing of Mr. Reese.  I also read the memorandum from
16   defense counsel dated October 16, 2013 and the memorandum from
17   the government dated December 13, 2013.  I'm sorry, counsel's
18   memo is October 16, 2013, the government's memo December 13,
19   2013 and the supplemental memorandum from defense counsel dated
20   January 18, 2014.

21            Mr. Smith has the government read and reviewed the
22   presentence report?

23            MR. SMITH:  Yes, your Honor.

24            THE COURT:  Does the government have any objections to
25   the report to raise at this point?

1          MR. SMITH:  Your Honor, we don't have any objections.
2     We do have a couple of places where we would submit that the
3     calculation should be different, at least in one respect that
4     difference is not actually a disagreement just that the
5     presentence report deferred a determination and then the
6     presentence report also doesn't take a position on the other
7     issue that we briefed and in particular one is whether the
8     obstruction of justice enhancement should apply.  The PSR
9     expressly notes that it will defer the Court's determination on
10    that and then secondly the PSR doesn't take a position on
11    whether there should be an upward enhancement of the criminal
12    history category.
13         THE COURT:  Thank you.  Those matters are laid out in
14    your memorandum and I have reviewed them and considered them.
15         Mr. Haber have you read and reviewed the presentence
16    report?
17         MR. HABER:  I have, your Honor.  Other than the
18    objections that were filed by Mr. Reese before I became
19    counsel, we don't have any additional remarks other than what
20    was in our memo.
21         THE COURT:  All right.  Thank you.
22         Mr. Reese, please rise.  Have you read and reviewed
23    the presentence report?
24         THE DEFENDANT:  Yes, I have, your Honor and discussed
25    it with counsel.

1           THE COURT:  Have you had an opportunity to discuss it
2  with your attorney?
3           THE DEFENDANT:  Yes, I have.
4           THE COURT:  Thank you.  Be seated.  On March 29, 2013
5  Mr. Reese was found guilty by a jury on Counts One, Two, Three
6  and Four of indictment S2 12 CR 629, which charged him with
7  conspiracy to commit bank fraud in violation of 18, United
8  States Code 1349, a class B felony; bank fraud in violation of
9  18, United States Code, Section 1344, also a class B felony;
10 conspiracy to commit wire fraud in violation of 18, United
11 States Code Section 1349, a class C felony and aggravated
12 identity theft in violation of 18, United States Code Section
13 1028A, a class E felony.
14          Mr. Smith does the government have any additional
15 comments in connection with today's sentencing?
16          MR. SMITH:  No, your Honor.  We set forth our position
17 in our submissions.
18          THE COURT:  Mr. Haber do you have any additional
19 comments in connection with the sentencing of Mr. Reese?
20          MR. HABER:  Your Honor, other than, I think we have a
21 pretty full record here.  There's been a lot of correspondence
22 and a lot of filings the.  Other than the fact that if we look
23 at the whole package rather than just the trial transcripts I
24 think we see we can take a different view of whether or not, I
25 think the big issue here is whether or not Mr. Reese will

1    recidivate again when he gets out.  I think there are certainly

2    a number of factors that need to be considered by the Court.

3    Of primary interest, at least to me and I believe to Mr. Reese,

4    is his medical condition which is well documented.  I don't

5    think that he -- I think as probation suggests, a 14 year

6    sentence would be comparable to a death sentence to him given

7    his fragile medical condition.

8            I also know that Mr. Reese sent a letter to the Court,

9    I don't know whether or not that was mentioned in your opening

10   statement, about what motivated him and what brought him to do

11   what he has done repeatedly in his younger life, and there's

12   certainly no excuse for what he did but I think it puts it into

13   a different perspective and hopefully the Court will give that

14   some consideration as well.

15           I also note that Mr. Reese had sent a letter to the

16   Court and asked that it be filed under seal which I assume, I

17   believe that the Court granted because I haven't seen it on

18   ECF, and I would ask the Court to take that into consideration

19   as well when sentencing him.

20           He obviously has made some bad, poor choices in his

21   life and I've had a lot of discussions with him during the

22   rather short period that I represented him.  He's a very bright

23   individual, maybe in an aggressive way that doesn't show his

24   favorable light, but he's extraordinarily bright and he's

25   wasting his life away doing what he's been doing.  He has

potential. I've represented many people in this courtroom, in this courthouse, and it's rare that you find an individual that can think legally and write as well as he does, given his minimal education.

So I would ask the Court to take all of that into consideration when sentencing him and draw attention specifically to one of the issues in my original sentencing letter requesting that the Court grant an application to allow him to stay in the MCC for 90 days so that he can confer with an appeals lawyer. There's a dual reason I think for this request. One is medical. There are certain medical treatments that he gets at the MCC that I don't believe are available in the MDC and normally when someone is sentenced they immediately move the defendant to the MDC. So we would ask that the Court grant that application to keep him at the MCC for 90 days after his sentencing today.

Other than that, I have no other applications, your Honor.

THE COURT: All right. Thank you. Let me note for the record that the Court received and considered a letter Dade December 10, 2013 as well as a sealed letter or document dated December 16, 2013, both from Mr. Reese.

Mr. Reese, please rise. Is there anything you would like to say in your behalf before the Court imposes sentences?

THE DEFENDANT: Other than what's in my December 10

1  and December 16 I believe it is letter, I have nothing to say,
2  your Honor.  Thank you.
3           THE COURT:  Thank you.  Be seated.
4           In accordance with the decision by the United States
5  Supreme Court in United States v. Booker, while the United
6  States sentencing guidelines are not mandatory, the Court
7  nonetheless must consult those guidelines and take them into
8  account when sentencing.  Therefore the Court has considered
9  the findings of fact stated in the presentence investigation
10 report as well as the guidelines analysis and the
11 recommendations contained therein.  The Court has weighed this
12 information along with the factors listed in Section 18, United
13 States Code, 3553 in coming to its final sentencing decision in
14 this case.  The Court adopts the factual recitation in the
15 presentence investigation report.  I have considered the
16 government's arguments that an enhancement should be granted
17 for obstruction of justice on an upward adjustment for criminal
18 history.  I am not persuaded that either of those two actions
19 are called for in this case.  Therefore, I am denying the
20 government's request for adjustments on those two scores.
21          In other respects the Court adopts the factual
22 recitation and the analysis in the report.  Therefore the Court
23 finds that under the guidelines Mr. Reese's offense level
24 amounts to 27 and his criminal history category falls into
25 category IV.  The recommended range of imprisonment for that

1   offense level and criminal history category is 100 to 125

2   months' imprisonment followed by a mandatory 24 months'

3   imprisonment to run consecutively with respect to Count Four.

4            Mr. Reese is found guilty of conspiracy to commit bank

5   fraud, bank fraud, conspiracy to commit wire fraud and

6   aggravated identity theft.  The probation office has

7   recommended that the Court impose a sentence of 125 months for

8   Counts One, two, three, and 24 months on Count Four to run

9   consecutively to the sentence imposed on Counts One, two and

10  three.

11           MR. SMITH:  Your Honor, if I might add one

12  qualification.  The government reviewed Mr. Reese's most recent

13  supplemental submission.  In that submission he makes one

14  argument that we don't disagree with, which is that unlike his

15  co-defendants who were not convicted of aggravated identity

16  theft, Mr. Reese was and so in calculating the offense level

17  for his underlying offenses the two-level enhancement for using

18  authentication features we think should not apply.  And the

19  reason for that is although the commentary in Section 2B1.6

20  refers to means of identification whereas this enhancement here

21  is based on authentication features being used, the specific

22  authentication features that were used in this case also

23  qualify as means of identification.  And so for that reason we

24  don't oppose Mr. Reese's specific argument with respect to that

25  2 point enhancement.  We otherwise disagree with all the other

1    arguments he made in that supplemental submission.
2             THE COURT:  Is that statement, Mr. Smith, is that
3    statement consistent with your argument in your sentencing
4    memorandum about the authentication?
5             MR. SMITH:  It's not, your Honor.  So we are --
6    essentially the way that this developed is Mr. Reese initially
7    objected to the authentication feature enhancement on the
8    ground that his offense didn't involve the use of
9    authentication features and so the government's submission
10   simply responded to that argument and said that it did.  So
11   we'd agree with the probation office that this enhancement
12   should apply.
13            Mr. Haber in his supplemental submission points out
14   that at least in a case involving an aggravated identity theft
15   count, application note Section 2B1.6 says that this particular
16   enhancement is already accounted for in the sentence that's
17   imposed under Section, 18, United States Code, Section 1025A.
18            THE COURT:  What implications would that have for the
19   guidelines range computation?
20            MR. SMITH:  Your Honor, we any that that argument
21   would only apply to the two-level enhancement for the use of
22   authentication features so it would reduce the offense level by
23   two points.  Otherwise it would have no effect.  In particular,
24   Mr. Haber argues that victims whose identities were used should
25   not count under that same application note we don't think the

1  argument can extend that far because the application note makes
2  clear that what it's referring to is the two-level enhancement
3  for the use, possession or transfer or other means of
4  identification and that's the specific offense characteristic
5  that's being referred to and that enhancement doesn't apply.
6  But otherwise we think that all the other enhancements
7  discussed in the PSR are appropriate, even with the
8  acknowledgment that we make now.
9              THE COURT:  My question is does that affect the 27
10 offense level that the probation department calculated?
11             MR. SMITH:  It does, your Honor.  It would bring the
12 level down to 25.
13             THE COURT:  And then the question is what does that do
14 to the guidelines range which is now 100 to 125.
15             MR. SMITH:  It would bring it down to 92 to 115, to be
16 followed by the mandatory two year sentence.
17             THE COURT:  Mr. Haber, did you wish to address this
18 point?
19             MR. HABER:  Your Honor, I'm assuming if you reduce it
20 to a level 25 and criminal history category IV the category is
21 84 to 105 months, we're on the same page there?
22             MR. SMITH:  That's correct, your Honor, 84 to 105 to
23 be followed by the mandatory term of imprisonment under Section
24 1028A.
25             THE COURT:  All right, thank you.

Case 1:12-cr-00629-VM   Document 147   Filed 02/19/14   Page 11 of 16      11
E1OFREES                        Sentence

All right, in light of the government's representation and its withdrawal of its earlier argument with regards to this particular two-level enhancement, the Court adopts the position that has been articulated and finds that in this case, therefore, the offense level should be 25 and criminal history category of IV and that would yield, as has been represented, a guidelines range of 84 to 105 months on Counts One, two and three followed by 24 months consecutive sentence on Count Four.

Subsection A1 of 18, United States Code, Section 3553 requires that Courts take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant, subsection 2 of Section 18, United States Code, 3553 requires the Court to consider the need to promote certain objectives of the criminal justice system mainly punishment, general deterrence and rehabilitation.  Section 3553(a) the Court is to consider the need to avoid unwarranted sentencing disparities among defendants with similar records and similar offenses in other cases as well as in the case at hand.

Mr. Reese, please rise.  Taking into account the nature and circumstances of the offense and the history and characteristics of the defendant and considering all the factors listed in Section 18, United States Code, 3553(a) the Court finds that a sentence of 84 months of imprisonment on Counts One, two and three and 24 months consecutive

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   imprisonment on Count Four is reasonable and appropriate and
2   that such a term or terms are sufficient but not greater than
3   necessary to promote the proper objectives of sentencing.
4             Mr. Reese upon your release from imprisonment you
5   shall be placed on supervised release for a term of three years
6   on Counts One, two and three and one year on Count Four.
7   Counts One, two and three to be served concurrently and Count
8   Four consecutive.  So it will be four years.  Let me again
9   underscore that on Counts One, two and three the 84 month term
10  is to run concurrently.
11            I will not impose a fine because the Court has
12  determined that you do not have the ability to pay a fine.
13  However, you are ordered to pay restitution in the amount to be
14  determined to such persons as identified by the government as
15  having been the victims of your crimes.  These individuals have
16  suffered injurieses compensable under the victim and witness
17  protection act in the amounts preliminarily noted by the
18  government.  No further payment shall be required until the sum
19  of the amounts actually paid by all of the defendants is
20  determined.  Mr. Smith, under the guidelines you have 90 days
21  to submit the restitution payment schedule and victims.
22            MR. SMITH:  Yes, your Honor.  And I've spoken with
23  Mr. Haber about those numbers.  I think we do have an agreement
24  on exactly what they are and I'll be submitting the proposed
25  order for the Court's consideration.

1     THE COURT:  Thank you.  Any payments by the defendant
2 shall be divided among the persons named in proportion to their
3 compensable injuries.  Restitution shall be paid in monthly
4 installments of 15 percent of gross monthly income over the
5 period of the supervision to commence 30 days after the release
6 from custody.
7     Mr. Reese you shall notify the United States Attorney
8 for this district within 30 days of any change of mailing or
9 residence address that occurs while any portion of the receipts
10 Constitution remains unpaid.  You are also ordered to pay to
11 the United States a special assessment of $400 which shall be
12 due immediately.
13     Mr. Smith, is there any forfeiture provision in this
14 case?
15     MR. SMITH:  Yes, there is, your Honor, and the amount
16 of proceeds involved here was $176,000.  I don't think there's
17 any objection to that amount.
18     MR. HABER:  I think we need to see the numbers before
19 we agree to that.  Do we have a calculation?
20     THE COURT:  Why don't you work that out with the
21 government, and Mr. Smith when you have a forfeiture order with
22 an agreed amount you may submit it.  If there's a disagreement
23 then we can call a conference to discuss the matter.
24     MR. HABER:  That's fine.
25     THE COURT:  Mr. Reese you must supply with standard

1    conditions 1 through 13 of supervised release and the following
2    manned today tier conditions.  You shall not commit another
3    federal, state or local crime.  You shall not illegally possess
4    a controlled substance.  You shall not possess a firearm or
5    destructive device.  You shall cooperate in the collection of
6    DNA as provided by the probation officer.  The mandatory drug
7    testing is suspended based on the determination by the Court
8    you provide a low risk of future substance abuse.
9             In addition, Mr. Reese, you shall comply with the
10   following special conditions:
11            You shall provide the probation officer with access to
12   any requested financial information.  You shall commit your
13   person, premises, place of business or vehicle or any premises
14   under your control to a search on the ground that the probation
15   officer has reason to believe that contraband or evidence of a
16   violation of the conditions of release may be found.  The
17   search must be conducted at a reasonable time and in a
18   reasonable manner.  Failure to submit to search may be grounds
19   for revocation.  You shall informa any other residents that the
20   premises may be subject to search pursuant to this condition.
21   Mr. Smith, do you understand each of these conditions?
22            MR. SMITH:  I do, yes, your Honor.
23            THE COURT:  I'm sorry, Mr. Reese.
24            THE DEFENDANT:  I didn't respond because --
25            THE COURT:  I'm sorry.  Mr. Reese, do you understand

1    each of these conditions?
2             THE DEFENDANT:  I do.
3             THE COURT:  I take it for granted the government
4    understands them.
5             The Court recommends that you be supervised by the
6    district of residence.  The sentence as stated is imposed.
7    Mr. Reese to the extent you have the right to appeal your
8    sentence and you are unable to pay the cost of your appeal you
9    have the right to apply in forma pauperis meaning as a poor
10   person.  If you make such a request the clerk must prepare and
11   file a notice of appeal on your behalf.  Do you understand your
12   rights as it may exist?
13            THE DEFENDANT:  I do, your Honor.
14            THE COURT:  Thank you.  Mr. Haber requested that the
15   Court recommends that Mr. Reese be held in custody at the MCC
16   pending for 90 days.  The Court will so recommend.  Mr. Smith,
17   are there remaining counts or underlying indictments that need
18   to be dismissed at this time?
19            MR. SMITH:  There are not, but out of an abundance of
20   caution we would move to dismiss.
21            THE COURT:  All right, thank you.  Is there anything
22   else from the government?
23            MR. SMITH:  Nothing, your Honor.
24            THE COURT:  Anything else, Mr. Haber?
25            MR. HABER:  No, thank you, your Honor.

E1OFREES                     Sentence

1              THE COURT:  Thank you and have a good day and a good
2       weekend.
3              (Adjourned)