CHRISTOPHER E. REESE
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/14

REGISTER NO. 17878-083
METROPOLITAN CORRECTION CENTER
150 PARK ROW
NEW YORK, NEW YORK 10007

November 6, 2014



RECEIVED
NOV 12 2014
CHAMBERS OF
JUDGE MARRERO

The Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

Re: <u>United States v. Christopher E. Reese</u>,
Docket No. S2 12 Cr. 629 (VM)

Dear Judge Marrero:

The undersigned seeks an order staying the sentence imposed
by this Court, pending the outcome of the appeal in this case,
pursuant to Rule 38 of the Federal Rules of Criminal Procedure.

On January 24, 2014, the Court sentenced this defendant
to a term of 108 months imprisonment. A meritorious appeal has
been taken from the judgment of conviction and sentence. This
defendant previously moved the Court for release on bond pending
the appeal, pursuant to 18 U.S.C.§3143(b). That application
was denied. Defendant recently moved, for a second time, in
this Court for bond pending appeal, pursuant to 18 U.S.C.§3143.
That application has not been adjudicated by the Court. This
defendant now moves to stay the sentence based on a number of
personal extenuating circumstances. For the reason set forth
hereinafter, the Court should grant this motion.

I.  The Recent Death of Defendant's Sister, Which
    Left Her 13 Year Old Daughter Without a Care-
    giver, Warrants Exceptional Consideration by
    by the Court.

As the Court is undoubtedly aware, on August 19, 2014,
defendant's younger sister (Phaedra Thomas) suddenly and un-
expectedly passed away. At the time, she resided alone with
her thirteen year old daughter in the State of Delaware. She
was a single parent and the sole caregiver for her thirteen
year old daughter (Jani Godwin), Her only child. Defendant's
sister was gainfully employed as a bus driver.

After Ms. Thomas' untimely death, defendant's father (over
whom defendant had been appointed guardian ad litem) had taken
the child from New York (where she had been taken in the days
following the death) back to the Delaware apartment to reside.

However, given defendant's father's inability to provide care for the child, this defendant directed that the child be placed in the custody of a friend of defendant's sister, until the defendant's release when he could then assume custody of the child and provide the appropriate care. While defendant believed such an arrangement to be the best under present circumstances, defendant does not believe that the present arrangement will be in the best interest of the child if the child is compelled to remain there for an extended period of time.

In view of the foregoing circumstances, the undersigned seeks an order staying his sentence pending the outcome of the appeal to allow him to take custody of the child, and to make suitable and appropriate arrangements for the child's long term care prior to serving out his term of imprisonment. While the Court is in no way required by law to grant this application, this defendant respectfully requests that the Court consider the current hardship and grant this application.

II. **Defendant's Status as Caregiver to his Mother Prior to his Current Incarceration, and the Current State of Affairs, Warrants Exceptional Consideration by the Court.**

Defendant's mother is 73 years old, and suffers from a host of illnesses including diabetes, congestive heart failure, and substantially limited mobility. She essentially resides alone in Brooklyn, New York, except when defendant's brother is at the home. In addition, defendant's mother was recently assigned a home-attendant to assist with daily care.

From October 22, 2009 through November 29, 2012, defendant was a caregiver to his mother. Transporting her to and from frequent visits to health care providers. Providing daily meals. Retrieving essential medications from local pharmacies. Ensuring timely payment of monthly expenses. Cleaning the residence, and assisting with administering daily medications. Immediately after his imprisonment, defendant's mother began experiencing considerable difficulties maintaining the foregoing tasks, and was hospitalized at least three times when she either forgot to take her medication or was unable to prepare a meal, resulting in a significant decrease and/or increase in her blood glucose level.

On November 3, 2014, defendant telephoned his brother -who, at the time, was staying with defendant's mother. During the conversation, defendant learned that his mother appeared to have an infection in her foot. Defendant's brother described the condition of his mother's foot, and defendant informed them that (based on the description of the affected area) it was likely an infection that should have been treated as an emergency days prior to the conversation.

This morning, the defendant received notification from his brother that his mother has been admitted to the hospital, and that a procedure to amputate part of her foot was underway. But for defendant's present incarceration, defendant's mother would have received appropriate medical attention immediately after sustaining the injury that has resulted in an amputation that could have been prevented.

Given the age of defendant's mother, and her deteriorating health (which is becoming progressively worse due to the lack of appropriate care), defendant fears that he may never see his mother alive again unless he is afforded an opportunity to ensure that she receives appropriate, daily care.

In view of this hardship, defendant seeks an order staying the sentence imposed until the final disposition of the appeal, to afford him an opportunity to arrange for the appropriate care of his mother.

## Conclusion

For the reasons stated, defendant prays that this Court will grant this motion and stay the sentence imposed by the Court for a period not to exceed the final disposition of the impending direct appeal.

SO ORDERED. *Request DENIED. The Court is not persuaded that the circumstances warrant the relief requested.*

DATE/1-/2-/9 VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Christopher E. Reese

cc: Micah William Janso Smith, AUSA
    Allan P. Haber, Esq.