MANDATE

Case 1:12-cr-00629-VM   Document 1870   Filed 07/07/15   Page 1 of 4

14-380 (L)
*United States v. Christopher E. Reese*

N.Y.S.D. Case #
12-cr-0629-2(VM)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand fifteen.

PRESENT:

    PIERRE N. LEVAL,
    ROBERT D. SACK,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 07, 2015

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                   No. 14-380 (L), 14-672 (con)

CHRISTOPHER E. REESE,

    *Defendant-Appellant*,

WILLIAM N. GREEN, NEFATEEMIA MASSEY,

    *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| FOR DEFENDANT-APPELLANT: | | PETER F. LANGROCK (Manisha Munshi, *on the brief*), Langrock Sperry & Wool, LLP, Middlebury, VT. |
| FOR APPELLEE: | | MICAH W.J. SMITH (Karl Metzner, *on the brief*) Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Christopher E. Reese appeals the judgment of the United States District Court for the Southern District of New York (Marrero, *J.*). After a jury trial, Reese was convicted of 1) conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, 2) bank fraud in violation of 18 U.S.C. § 1344, 3) conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and 4) aggravated identity theft in violation of 18 U.S.C. § 1028A. Reese was sentenced to 84 months to run concurrently for counts 1-3 and to 24 months to run consecutively for count 4 for a total of 108 months.[1]

Reese appeals his conviction and sentence. Reese argues that there was insufficient evidence of conspiracy to commit wire fraud because he did not obtain the checks by deceit or misrepresentation. He also contends that the Government did not establish that he intended to victimize and defraud a financial institution as required to commit bank fraud or engage in bank fraud conspiracy. We assume familiarity with the underlying facts and procedural posture of this case, to which we refer only as necessary to explain our reasons for affirming.

We review a challenge to the sufficiency of evidence *de novo*. *United States v. Rangolan*, 464 F.3d 321, 324 (2d Cir. 2006). We are "required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011).

---

[1] Reese was also ordered to forfeit $176,663.83 and pay $66,985.55 in restitution. Reese also received 3 years of supervised release and was ordered to pay a $400 special assessment.

We conclude that sufficient evidence was adduced at trial to support Reese's conviction for conspiracy to commit wire fraud. Reese testified at trial that he and his coconspirators did not simply steal the checks but also manipulated the checks by altering the payee names. Reese also testified there was an understanding as to where and when the checks would be deposited, and his coconspirators were representing themselves as the rightful payees of the checks. This sufficiently supports the jury's verdict that Reese engaged in conspiracy to commit wire fraud.

We also conclude that the evidence at trial sufficiently supported Reese's conviction for bank fraud and bank fraud conspiracy under 18 U.S.C. § 1344(1) and 18 U.S.C. § 1349. The indictment charged Reese under 18 U.S.C. § 1344(1) and (2). But because Reese was tried and convicted before the Supreme Court held that specific intent to defraud a financial institution was not an element of § 1344(2), *Loughrin v. United States*, 134 S. Ct. 2384, 2388-90 (2014), the jury would necessarily have had to find such specific intent to convict Reese. *United States v. Nkansah*, 699 F.3d 743, 748 (2d Cir. 2012). We conclude that, based on the evidence adduced at trial, a reasonable jury could have found beyond a reasonable doubt that Reese possessed the requisite intent under § 1344(1). The entities issuing the checks may have been the immediate victims of Reese's check scheme, but "a defendant may be convicted of federal bank fraud even when the bank is not the immediate victim of a scheme to defraud." *United States v. Rodriguez*, 140 F.3d 163, 168 (2d Cir. 1998). The defendant need only have "intended to victimize the bank by exposing it to an actual or potential loss." *Id.* Reese was shown to have intended to victimize banks because he and his conspirators trafficked in stolen checks and the forged checks were presented to the drawee bank. *See United States v. Stavroulakis*, 952 F.2d 686, 694-95 (2d Cir. 1992) ("Common sense dictates that by charging a scheme to traffic in stolen, blank checks, the indictment accused defendant of engaging in a course of intentionally deceptive conduct directed at the drawee bank."). The exposure of the banks was not "unclear, remote, or non-existent." *See Nkansah*, 699 F.3d at 750. Whether the banks in this case actually experienced loss is immaterial "because § 1344 punishes not completed frauds, but instead fraudulent schemes." *Loughrin*, 134 S. Ct. at 2394 (internal quotation marks and alteration omitted).

Because we affirm the conviction on counts 1-3, we also reject Reese's argument that count 4, the aggravated identity theft conviction, must be reversed because he is not guilty of an underlying predicate offense.

Reese also challenges the application of several U.S. Sentencing Guidelines (U.S.S.G.) enhancements: leadership role in a crime involving five or more participants under U.S.S.G. § 3B1.1(a), use of a minor to commit a crime under U.S.S.G. § 3B1.4, offense involved 10 or more victims under U.S.S.G. § 2B1.1(b)(2), and loss calculation

1    exceeding $120,000 under U.S.S.G. § 2B1.1(b)(1)(F).  Reese also challenges the district
2    court's denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.
3    "Although we review a district court's legal application of the Guidelines *de novo*, we
4    review its factual findings deferentially for clear error, bearing in mind that the standard
5    of proof at sentencing is a preponderance of the evidence."  *United States v. Gaskin*, 364
6    F.3d 438, 464 (2d Cir. 2004) (citations omitted).  We conclude the district court did not
7    commit clear error in making the underlying factual findings necessary to apply these
8    sentencing enhancements and to deny the reduction.[2]  Nor did the district court err in
9    applying the enhancements as a matter of law.  In particular, contrary to Reese's
10   argument that the minor whose bank account he used and whom he convinced to
11   withdraw money was a victim and that as a result the enhancement should not apply, the
12   use of a minor enhancement applies regardless of whether the minor was a coconspirator
13   or a victim.  *See id.* ("Whether the minor himself engaged in any criminal actions,
14   whether the minor intended to assist in the adult's criminal activity, or whether the minor
15   even knew that the adult was involved in criminal activity are factors irrelevant to
16   application of the § 3B1.4 enhancement.").  Thus, we conclude that Reese's sentence was
17   not procedurally unreasonable. *See generally United States v. Cavera*, 550 F.3d 180, 190
18   (2d Cir. 2008) (en banc).

19       We have considered Reese's other arguments and find them to be without merit.
20   For the foregoing reasons, we **AFFIRM** the district court's judgment of conviction and
21   sentence.

24                                               FOR THE COURT:
25                                               Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit



---

[2] We do not address the propriety of the district court's subsequent factual findings after Reese was sentenced on January 24, 2014, because Reese did not challenge the timing of the additional findings.