USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

United States v. Reese
Aug 15, 2016, 7:25 PM

CHRISTOPHER E. REESE
REGISTER NO. 17878-083
M.D.C. BROOKLYN (WEST-H05)
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

August 16, 2016

[By Fax: (212) 805-6382]
The Honorable Victor Marrero
Senior U.S. District Judge
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

Re: United States v. Christopher E. Reese, Docket No. 12 Cr. 629 (VM)

Dear Judge Marrero:

Defendant requests that be released on bail pending review of the Court's Order of January 29, 2016, denying
habeas relief, by the Second Circuit. Defendant further requests that this matter be scheduled for August 26, 2013,
at 10:00 in the forenoon, and that the Court appoint counsel.

I. BACKGROUND.

On January 26, 2016, Defendant moved to vacate his sentence asserting that counsel was ineffective when he
(a) failed to timely convey two proposed plea agreements, (b) incorrectly stated the terms of the offers, (c) failed to
convey terms of the offers, (d) unreasonably and grossly underestimated what the applicable sentencing range would
be if Defendant were convicted after a trial, and (e) failed to offer any advice as to whether the plea offers should be
accepted or rejected. By Order dated January 29, 2016, the Court denied the motion on the merits and without, first,
directing a response in opposition from the Government. The Court also declined to issue a Certificate of Appealbility
("COA"), and leave to proceed in forma pauperis.

On February 2, 2016, Defendant filed a motion for reconsideration arguing that the Court overlooked a claim
of ineffective assistance of counsel, and pointed to the Court's explicit observation of, and reliance upon, Defendant's
trial testimony admitting involvement in the offense -- a fact that supports Defendant's claim that he was prejudiced
by counsel's shortcomings during the plea negotiation stages. By Order dated February 24, 2016, the Court denied the
motion stating:

With respect to Reese's contention that his attorney failed to adequately advise
him as to his plea offers, Reese's claim still fails. First, Reese has failed to show
a reasonable probability that, if he had adequate time to review the plea offers,
he would have accepted a plea. Second, Reese only offers "self-serving, post-
conviction testimony," and not objective evidence, that he would have accepted
the plea.

{Decision and Order at 8 (Feb. 24, 2016)} A timely notice of appeal and motion for a COA followed. Defendant also
sought leave to proceed in forma pauperis and bail pending appeal. By Order dated June 16, 2016, the Second Circuit
found that Defendant had made a substantial showing that he was denied effective assistance of counsel when trial
counsel "failed to timely and properly advise [Defendant] of the terms of proposed plea agreements." {Second Circuit
Order granting COA} The Court also granted Defendant leave to proceed in forma pauperis, and appointed counsel on
the appeal. {Id.} The Court denied, "without prejudice to renewal by counsel, if counsel determines that such a motion
is warranted," the motion for bail. {Id.}

Defendant now seeks bail in this Court since this Court has not explicitly addressed the suitability of bail. It is,
therefore, appropriate, in the first instance, to have this Court weigh in on the subject. Appellate counsel stands ready
to renew the bail application in the Second Circuit when, and if, this Court issues an order denying this application.
The Defendant, therefore, respectfully requests that this application be promptly addressed.

II. ARGUMENT.

DEFENDANT SHOULD BE RELEASED ON BAIL TO RENDER THE HABEAS REMEDY EFFECTIVE

District courts have inherent authority to grant bail in habeas proceedings. {Mapp v. Reno, 241 F.3d 221, 226
(2d Cir. 2001)} The power to grant bail in habeas cases is necessary in order to make the habeas remedy effective as

law and justice require. {Id.} "A petitioner challenging his sentence 'should be granted bail only in unusual cases or

where extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas

remedy effective." {Bennett v. United States, 2004 U.S. Dist. LEXIS 23865 (S.D.N.Y. Nov. 22, 2004)(quoting Ostrer v.

United States, 542 F.2d 594, 596 n.1 (2d Cir. 1978)} Bail pending habeas review should, in the interest of justice, be

granted when a petitioner demonstrates (1) that the claim raised in the habeas petition is substantial, (2) that there

is a substantial likelihood of success on the claim, and (3) extraordinary circumstances which require the grant of bail

in order to render the habeas remedy effective. {Jackson v. Bennett, 2002 WL 126679 at *1 (S.D.N.Y. Jan. 30, 2002);

see also Landano v. Rafferty, 970 F.2d 1230, 1239 (3rd Cir. 1992)(requiring habeas petition to demonstrate a high

probability of success on the petition, and exceptional circumstances to support release on bail)} Bail is appropriate

and warranted in this case.

(a) The Claims Defendant Raises Are Substantial.

Defendant argues that he was denied effective assistance of counsel was denied during a critical stage. This

is a substantial claim. Indeed, the granting of the COA conclusively establishes just how substantial the claims are

as much. Accordingly, this requirement for bail is satisfied.

(b) There Is A Substantial Likelihood Of Success On The Claims.

Defendant submits that the issuance of the COA also establishes a substantial likelihood of success on the

claims. Additionally, the evidence that counsel failed to timely, adequately, and correctly convey the terms of the

plea offers is substantial and incontrovertible. There is also compelling evidence of counsel's unreasonably gross

underestimate of what the sentencing range would be after a trial. Finally, counsel's failure to advise Defendant as

to whether he should accept or reject the plea offer was objectively unreasonable, and counsel's standard practice.

These errors are certain to result in reversal of the January 29, 2016 Order, and a remand for resentencing with

instructions o impose the sentence that would likely have been imposed had counsel performed professional, and

Defendant had accepted the plea offer(s).

As to counsel's failure to "timely" advise of the Government's plea offer, the U.S. Supreme Court has observed

Counsel's failure to offer any advice as to whether the plea offers should be accepted or rejected will also result
in a reversal of the January 29, 2016 Order. It is clear that "[d]efense counsel have a constitutional duty to give their
clients professional advice on the crucial decision of whether to accept or plea offer from the government." {Pham, 317
F.3d at 182} Counsel offered no such advice here, as it is his general practice not to advise on the subject.

Finally, reversal is also mandated by Raysor v. United States, 647 F.3d 491 (2d Cir. 2011) (granting COA and
reversing district court denial of claim of ineffective assistance of counsel without considering disparity between
sentence received and the sentence that would have been received had defendant accepted proposed plea).

Although Defendant is only required to demonstrate that there is a "likelihood" of success, the foregoing demonstrates that reversal is imminent. Accordingly, Defendant has satisfied this criterion.

(c) Extraordinary And Exceptional Circumstances Exist That Make Bail Necessary.

Had Defendant received effective assistance of counsel, he would have accepted the Government's plea offer,
and received a considerably shorter jail sentence -- one that would have expired by now. Notably, counsel approached
the Government with a plea offer on the morning of the trial. Defendant also testified, admitting his involvement in
the offense. Indeed, even at sentencing Defendant continued to acknowledge his involvement in the offense. Indeed,
a reversal in this case will come with a remand and instructions to impose the sentence that would have been imposed
had Defendant accepted the plea. Thus, given the fact that Defendant will have served more time than he would have,
but for counsel's ineffectiveness, released on bail is warranted. {See, e.g., United States v. Josiah, 2016 U.S. Dist.
LEXIS 46179 at *6 (D. Hawaii, Apr. 5, 2016)(releasing habeas petition on bail where, but for constitutional error, he
would have been released)}

III. CONCLUSION.

For the reasons stated, the Court should release Defendant on bail.

Respectfully submitted,

/s/ Christopher E. Reese

CHRISTOPHER E. REESE

cc: Micah Smith, AUSA

Request DENIED. Upon review of The
defendant's submission herein, the
Court finds no warrant for granting
bail pending appellate review of the Court's
Order dated 1-29-16 denying defendant's
petition for habeas relief.

**SO ORDERED:**

8-18-16

DATE        VICTOR MARRERO, U.S.D.J.