USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/19

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CHRISTOPHER E. REESE,               :
                                    :
              Petitioner,           :   12 CR 629 (VM)
                                    :   16 Civ. 664 (VM)
      - against -                   :
                                    :   DECISION AND ORDER
UNITED STATES OF AMERICA,           :
                                    :
              Respondent.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Christopher E. Reese ("Reese") is currently serving a sentence of 108 months of incarceration after a jury convicted him of bank fraud, aggravated identity theft, and conspiracies to commit bank and wire fraud. On January 26, 2016, Reese filed a pro se motion to vacate his sentence under 28 U.S.C. Section 2255, in which he asserted that trial counsel Ronald Garnett ("Garnett") provided ineffective assistance. (See the "Section 2255 Motion," Dkt. No. 189 at 13-15.) In particular, Reese alleged that Garnett failed to discuss a plea offer with Reese until minutes before a March 8, 2013 pretrial conference (the "March 8 Conference"), and that Reese rejected the plea offer only because of this failure. (See id.) The Court denied the Section 2255 Motion on August 1, 2018, finding that Reese discussed the plea offer with Garnett at a March 7, 2013 meeting (the "March 7 Meeting") in the Metropolitan Correctional Center ("MCC").

See Reese v. United States, 317 F. Supp. 3d 838, 848-49 (S.D.N.Y. 2018) (the "August 1, 2018 Order"). The Court based its finding on evidence including two MCC visitor logs indicating Garnett was present in the MCC between 1:02 p.m. and 3:10 p.m. on March 7, 2013 for the specific purpose of meeting Reese, Garnett's testimony that he met and discussed the plea offer with Reese during at least part of that time period, and Reese's confirmation at the March 8 Conference that he had previously reviewed the plea offer with Garnett. See id. at 840-41, 844, 847-48.

On September 3, 2019, Reese moved pro se, under Rule 60(b)(2) of the Federal Rules of Civil Procedure ("Rule 60(b)(2)"), for relief from the August 1, 2018 Order, arguing that newly discovered evidence warranted the vacatur of his sentence. (See "September 3, 2019 Motion," Dkt. No. 273.) Specifically, Reese attached to his motion an "Inmate Education Data Transcript" from the Federal Bureau of Prisons that Reese contends purportedly reflects that he attended a two-hour educational course called "Getting out by Going in" from approximately 12:30 p.m. to 2:30 p.m. on March 7, 2013. (See id. at 2, 4.) Reese argues that this transcript "conclusively establishes" that the March 7 Meeting with Garnett could not have occurred. (See id. at 2.)

For the reasons set forth below, the Court DENIES the September 3, 2019 Motion.

The Court notes that, because Reese is a <u>pro se</u> litigant, his motion must be held to "less stringent standards than formal pleadings drafted by lawyers." <u>Ferran v. Town of Nassau</u>, 11 F.3d 21, 22 (2d Cir. 1993) (internal quotation marks omitted). The Court must construe Reese's motions "liberally and interpret them to raise the strongest arguments that they suggest." <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

To prevail on a motion under Rule 60(b)(2), a movant must show that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." <u>United States v. Int'l Bhd. of Teamsters</u>, 247 F.3d 370, 392 (2d Cir. 2001). However, a motion under Rule 60(b)(2) must be made "no more than a year after the entry of the judgment" being challenged. Fed. R. Civ. P. 60(c)(1). "This limitations period is absolute." <u>Warren v. Garvin</u>, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted).

The September 3, 2019 Motion for relief from the August 1, 2018 Order is clearly untimely, having been filed after the absolute one-year limitations period set forth in Federal Rule of Civil Procedure 60(c)(1). Accordingly, the motion must be denied.

Even if the September 3, 2019 Motion were not untimely, it would nevertheless fail to satisfy the exacting standard of Federal Rule of Civil Procedure 60(b)(2). Although the Inmate Education Data Transcript reflects that Reese attended a two-hour educational program on March 7, 2013, that record does not reflect conclusively the time of day that the program occurred. As a result, the transcript does not support Reese's statement that the educational program he attended took place from approximately 12:30 p.m. to 2:30 p.m. The Inmate Education Data Transcript thus does not necessarily contradict a finding that Reese met with Garnett on the afternoon of March 7, 2013, let alone conclusively establish that the meeting did not occur. Consequently, the transcript is not "of such importance that it probably would have changed the outcome" of the Court's decision. This is particularly so in light of two MCC visitor logs indicating that Garnett was present in the MCC from 1:02 p.m. to 3:10 p.m. on March 7, 2013 in order to meet with Reese in particular, Garnett's testimony that he met with Reese during at least a portion of

4

that time period, Reese's confirmation at the March 8 Conference that he reviewed the plea offer before declining it, and the Court's finding that Reese's alternative interpretation of his confirmation at the March 8 Conference was not credible. See Reese, 317 F. Supp. 3d at 844, 847-48. Even the most generous interpretation of the Inmate Education Data Transcript would reflect that it is at best merely impeaching, which clearly cannot support relief from the judgment. See Teamsters, 247 F.3d at 392.

For the reasons stated above, it is hereby

**ORDERED** that the motion of petitioner Christopher E. Reese for relief from the Court's August 1, 2018 Order, Reese v. United States, 317 F. Supp. 3d 838 (S.D.N.Y. 2018), pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure (Dkt. No. 273) is **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         9 October 2019

                                                            Victor Marrero
                                                             U.S.D.J.