```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :      12 CR 629 (VM)
     - against -                    :      16 Civ. 664 (VM)
                                    :
CHRISTOPHER E. REESE,               :      DECISION AND ORDER
                                    :
               Defendant.           :
------------------------------------X
```
**VICTOR MARRERO, United States District Judge**.

Christopher E. Reese ("Reese") is currently serving a sentence of 108 months' imprisonment after a jury convicted him of bank fraud, aggravated identity theft, and conspiracies to commit bank and wire fraud. Now before the Court are two motions from Reese requesting modification of his sentence to time served, pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). On January 15, 2020, Reese moved for release based on his prevention of another inmate's suicide. (See "January Motion," No. 12 CR 629, Dkt. No. 277.) On April 7, 2020, Reese moved for release based on the threat that the current COVID-19 pandemic poses for his health. (See "April Motion," No. 12 CR 629, Dkt. No. 275.) For the reasons set forth below, the Court DENIES both motions.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding

that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Section 3582(c)(1)(A).

Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist. Circumstances include, but are not strictly limited to, serious medical conditions or the advanced age of a defendant, or circumstances that would render the defendant the only available caregiver for a family member. See Section 1B1.13.

In the January Motion, Reese details the steps he took to notify the BOP of another inmate's erratic behavior and explain his concerns regarding the inmate's mental health. The BOP allegedly examined the inmate, prevented his

2

ensuing suicide attempt, and gave Reese a monetary award for his assistance in alerting them to the situation. (See January Motion at 1–2.) Reese allegedly moved the BOP for his immediate release based upon this conduct but received no response after thirty days. (See id. at 2.)

Though Reese's alleged prevention of a fellow inmate's suicide is commendable, finding that this act alone constitutes an "extraordinary and compelling reason" to immediately release Reese would not be consistent with the policy statement contained in Section 1B1.13. While the policy statement does not purport to set forth an exhaustive list of the only circumstances that might be extraordinary and compelling, it specifically observes that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." Section 1B1.13, Application Note 3. Courts have thus found that good behavior alone does not constitute an adequate basis to justify immediate release under Section 3582. See United States v. Lisi, No. 15 CR 457, 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020). Accordingly, the Court will deny the January Motion by Reese.

In the April Motion, Reese claims that the coronavirus is certain to reach the facility where he is held and that he should be released because a variety of health

conditions make him more susceptible to serious negative complications from infection. (See April Motion.) Reese does not indicate whether he raised this new ground for relief with the BOP first.

Because Reese provides no proof that he has exhausted his administrative avenues for relief with the BOP or waited over thirty days for a response, the Court must deny his motion at this time. See United States v. Mathis, No. 02 CR 891, 2020 WL 550645, at *1 (E.D.N.Y. Feb. 4, 2020). As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile for Reese to exhaust his administrative remedies is unavailing, as the statute contains an express futility provision: the ability to seek judicial relief if the BOP has not acted within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Although, as other courts in this District have noted, it is not yet clear under Second Circuit law whether the exhaustion

requirement is jurisdictional or simply a statutory requirement, see United States v. Monzon, No. 99 CR 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020), it makes no difference here.

Even apart from the clear statutory exhaustion requirement, BOP consideration of Reese's most recent request would not necessarily be futile. The BOP has granted similar requests well within the statute's thirty-day limit and thus mooted substantially identical motions before this Court. See United States v. Arena, No. 18 CR 14, Dkt. No. 355. Even if the BOP did not respond to a prior request by Reese,[1] it is not a foregone conclusion that it would do so again under these materially different circumstances. If the BOP either denies Reese relief or takes longer than thirty days to respond, then the Court can fully consider Reese's April Motion. The Court directs that Reese attach documentation proving both his satisfaction of the exhaustion requirements and his medical conditions if he refiles the April Motion, so that the Court may render a decision on an adequate factual record.

---

[1] Though Reese argues the BOP did not respond to the requests reflected in the January Motion within thirty days, he does not provide any documentation to substantiate this actually occurred. The Court nevertheless considers the January Motion above because it is inconsistent with Section 3582 and thus readily denied on its merits.

5

See United States v. Bolino, No. 06 CR 806, 2020 WL 32461, at *1, *1 n.1 (E.D.N.Y. Jan. 2, 2020).

Accordingly, it is hereby

**ORDERED** that the motions of Christopher E. Reese ("Reese") for modification of his sentence (No. 12 CR 629, Dkt. Nos. 275, 277) are **DENIED**. Reese may refile the April 7, 2020 motion (No. 12 CR 629, Dkt. No. 275) upon compliance with the exhaustion requirements set forth in 18 U.S.C. Section 3582(c)(1)(A).

**SO ORDERED.**

Dated: New York, New York
       13 April 2020

_____
Victor Marrero
U.S.D.J.