```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    12 CR 629 (VM)
    - against -                     :    16 Civ. 664 (VM)
                                    :
CHRISTOPHER E. REESE,               :    DECISION AND ORDER
                                    :
              Defendant.            :
------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Christopher E. Reese ("Reese") is currently serving a sentence of 108 months' imprisonment after a jury convicted him of bank fraud, aggravated identity theft, and conspiracies to commit bank and wire fraud. Now before the Court is Reese's motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582"). (See "Motion," No. 12 CR 629, Dkt. No. 280.) For the reasons set forth below, the Court DENIES the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Section 3582(c)(1)(A).

Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist.

Reese filed the Motion on May 8, 2020, thirty days after requesting that the BOP place him on home confinement. (See Motion, Ex. B.) The BOP denied the requested relief of home confinement. (See id.) On April 24, 2020, Reese asked the BOP for compassionate release based on the COVID-19 pandemic and the threat that it may pose to him, given his various heart conditions, hypertension, diabetes, and asthma. (See Motion, Ex. C.) On May 15, 2020, the Government filed a response opposing the Motion. (See "Opposition," No. 12 CR 629, Dkt. No. 285.) On May 18, 2020, Reese filed a reply in further support of his Motion. (See No. 12 CR 629, Dkt. No. 286.)

The Court must deny the Motion because Reese has not fully complied with the exhaustion requirements of Section 3582. Reese has not yet exhausted his avenues for

2

administrative relief with the BOP, and thirty days have not yet passed since Reese's April 24, 2020 request for compassionate release. Though Reese's counsel argues that the statute's clear exhaustion requirement may be waived under these circumstances, the Court is not persuaded. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile for Reese to exhaust his administrative remedies is unavailing, as the statute contains an express futility provision: the ability to seek judicial relief if the BOP has not acted within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). The United States Court of Appeals for the Third Circuit recently confirmed that Section 3582's exhaustion requirements cannot be waived, even during the current pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Reese alternatively argues that he has satisfied the statute's exhaustion requirements based on his April 8,

3

2020 request to be placed in home confinement. However, as the Government correctly notes, Reese's request for home confinement was made pursuant to 18 U.S.C. Section 3624(c), "an entirely different statutory scheme for which judicial review is not permitted." United States v. Vigna, No. 16 CR 786, 2020 WL 1900495, at *4 (Apr. 17, 2020). Because requests for home confinement and compassionate release arise from "ultimately different statutory schemes with different considerations underlying each," the Court concludes it would be imprudent to treat the two requests interchangeably. See id. at *5 n.3.

While the Court holds Reese has failed to satisfy the exhaustion requirements of Section 3582, it would also deny the Motion on its merits. First, the Court is not persuaded that Reese has demonstrated sufficiently "extraordinary and compelling reasons" for release. Reese's various medical conditions increase the risk of negative complications from the coronavirus, but there have been no confirmed cases among inmates at the BOP facility where he is housed and the evidence submitted by the parties indicates that Reese's medical conditions have been well managed to this point. (See Motion at 6, Ex. A; Opposition at 11, 13.) While the Court recognizes the serious concerns presented by the pandemic, other courts have denied similar requests

4

from defendants with various medical conditions even when conditions at their BOP facilities were similar or worse. See, e.g., United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3-4 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of defendant's medical conditions but denying compassionate release where conditions stable and managed in BOP facility); United States v. Garcia, No. 18 CR 802, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with asthma, hypertension, and heart conditions housed in facility with only 40 documented cases of virus).

The Application Notes to Section 1B1.13 do not provide substantial support for Reese's claim, either, as his medical conditions are not terminal and do not substantially diminish his ability to provide self-care. See Section 1B1.13. The Court thus concludes that under the circumstances presented here, Reese has not demonstrated the requisite "extraordinary and compelling reasons" favoring compassionate release at this time.

Finally, even if Reese did demonstrate "extraordinary and compelling reasons" under Section 3582, the factors listed in 18 U.S.C. Section 3553(a) would still weigh against his release on balance. See United States v. Kerrigan, No. 16 CR 576, 2020 WL 2488269, at *4 (S.D.N.Y.

May 14, 2020); <u>United States v. Nieves</u>, No. 12 CR 931, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020). Among other considerations, Reese played a leadership role in a serious and sophisticated crime that harmed numerous victims over a substantial period of time. (<u>See</u> No. 12 CR 629, Dkt. No. 173, at 27-30.) Bearing in mind that the Court already sentenced Reese at the bottom of the advisory guidelines range and that Reese's sentence has been reduced for good time, the Court is not presently persuaded that a further reduced sentence would adequately reflect the seriousness of the crimes committed, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

    Accordingly, it is hereby

    **ORDERED** that the motion of Christopher E. Reese for compassionate release (No. 12 CR 629, Dkt. No. 280) is **DENIED**.

**SO ORDERED.**

Dated:  New York, New York
        20 May 2020

                                                Victor Marrero
                                                  U.S.D.J.