UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

      vs.                                      Docket No. 12 Cr. 629 (VM)

CHRISTOPHER E. REESE,

                Defendant.
----------------------------------------------------------x

## DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE, PURSUANT TO 18 U.S.C. 3583(e)(1)

NOW COMES Defendant, CHRISTOPHER E. REESE, appearing *pro se*, and respectfully submits this motion for an order terminating the remainder of his 3-year term of supervised release, and for the appointment of counsel, pursuant to 18 U.S.C. 3583(e)(1), and for any other relief that the Court deems just and proper. For the reasons stated hereinafter, this motion should be granted.

    **I.**        **BACKGROUND AND RELEVANT FACTS.**

On March 29, 2013, a jury convicted this Defendant on all four counts in a superseding indictment charging conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. 1349 (Counts One and Three), bank fraud, in violation of 18 U.S.C. 1344 (Count Two), and aggravated identity theft, in violation of 18 U.S.C. 1028A (Count Four).

On January 24, 2014, the Court sentenced Defendant to a 108-month term of imprisonment, to be followed by a three-year period of supervised released. Defendant completed the imprisonment component of his sentence on or about August 21, 2020, and his supervised release commenced.

Upon commencing his term of supervised release, Defendant informed his then-assigned U.S. Probation Officer that he intended to resume self-employment endeavors as a legal assistant, providing such services as legal research and writing to both federal and state criminal defendants and attorneys. Notably, Defendant has provided such services to criminal defendants for approximately thirty years – both while in custody and in the community. Indeed, as the Court may recall, during the trial in this case, there was testimony from Defendant's former probation officer that Defendant was permitted by Probation to provide such services while on supervised release, and that the provision of such services entailed Defendant having contact with criminal defendants.

It should also be noted that Defendant suffers from a host of congenital abnormalities that have severely limited his ability to attend school and maintain employment. Many, if not all, of these medical issues are detailed in the presentence report – but will not be set forth herein in an effort to maintain privacy, since this document will be filed publicly.

Defendant's ability to obtain and maintain employment is severely limited given his multitude of physical challenges. Prior to his release from incarceration, Defendant had been frequently seen for cardiac illnesses, and was advised that his cardiac condition poses a significant risk of death and requires surgery.

Recently, despite having been advised of Defendant's self-employment efforts as a legal assistant providing services to federal and state criminal defendants, Defendant was directed by U.S. Probation that (despite what may have previously been approved or permitted by U.S. Probation for the eastern District of New York), he is to have no contact – direct or indirect – with any individual convicted of a felony. This directive effectively prevents this Defendant from maintaining employment in the capacity, and what is essentially the only industry, that he has been employed in the past thirty years. Alternative options of employment are virtually non-existent, given the state of Defendant's health.

Finally, today Defendant received a visit from his assigned U.S. Probation Officer, and a supervising probation officer. The manner in which the visit was conducted (which was significantly different from all prior visits during current and former supervision periods) startled this Defendant, triggering an Angina episode that required the administration of three-sublingual nitro glycerin tablets, before any relief, and could have resulted in substantial and irreparable harm to this Defendant.

II.   ARGUMENTS.

**THE COURT SHOULD TERMINATE THE BALANCE OF DEFENDANT'S SUPERVISED RELEASE SINCE THERE ARE BOTH "EXTRAORDINARY" AND "UNFORSEEN" CIRCUMSTANCES WHICH WARRANT SUCH RELIEF**

A district court's authority to terminate supervised release is governed by 18 U.S.C. 3582(e)(1). The statute provides that, after considering the factors set forth in 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the court may terminate a term of supervised release at any time after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice, and the decision of whether to grant such a request rests within the discretion of the district court. *See, United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997); *United States v. Harris,* 689 F.Supp.2d 692, 694 (S.D.N.Y. 2010).

"Supervised release is not, fundamentally, part of the punishment: rather, its focus is rehabilitation." *United States v. Aldeen,* 792 F.3d 247, 252 (2d Cir. 2015), superseded by statute on other grounds as stated in *United States v. Smith,* 949 F.3d 60 (2d Cir. 2020); *see also United States v. Johnson,* 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

"Termination is appropriate when the rehabilitative goals of supervised release may no longer be attained…," *United States v. Thomas,* 346 F. Supp.3d 326, 335 (E.D.N.Y. 2018) *United States v. Mathis-Gardner,* 783 F.3d 1286, 1287 (D.C. Cir. 2015), and "in order to account for new or unforeseen circumstances," *Lussier,* 104 F.3d at 36. A court is duty-bound, however, to consider the Section 3553(a) factors before granting, or denying, a motion to terminate supervised release. *United States v. Mathis-Gardner,* 783 F.3d 1286, 1288 (D.C. Cir. 2015) (citing *Freeman v. United States,* 131 S. Ct. 2685, 2691 (2011); and *United States v. Lafayette,* 585 F.3d 435, 440 (D.C. Cir. 2009)).

Termination of supervision is warranted here since the standard condition of supervision which prevents contact with felons, even for employment purposes, without the approval of the U.S. Probation Department, significantly and unfairly impairs Defendant's ability to maintain employment. This was clearly an unforeseen circumstance since the U.S. Probation Department had previously permitted Defendant to have contact with individuals convicted of a felony including, but not limited to, permitting Defendant to visit with client-inmates in New York City and State jails. Further, it should be noted that by effectively rescinding approval to provide services to prisoners, the condition of supervision which prohibits contact prevents Defendant from providing services which he had already agreed to provide.

Early termination of supervised release is both appropriate and warranted in this case, given that the continued supervision frustrates and hinders rehabilitation efforts and, as explained above, poses a risk of irreparable harm.

In the alternative to terminating the remaining period of supervised release, Defendant seeks a Court Order permitting him to have contact with felons <u>only</u> in the context of providing (self-employment) legal assistant services.

## CONCLUSION

WHEREFORE, Defendant prays that the Court will issue an order granting this motion, in its entirety.

Dated: East Meadow, New York
      March 22, 2022

Respectfully submitted,

*Christopher E. Reese*
_____
CHRISTOPHER E. REESE
115 NEWBRIDGE ROAD
EAST MEADOW, NY 11554

cc: Office of the U.S. Attorney (S.D.N.Y.)