**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/22
```

UNITED STATES OF AMERICA,

        -against-

CHRISTOPHER REESE,

           Defendant.

**12 CR 629 (VM)**

**DECISION & ORDER**

**VICTOR MARRERO, U.S.D.J.:**

    On March 22, 2022, the Defendant filed a pro se motion for early termination of his supervised release, pursuant to 18 U.S.C § 3583(e)(1) ("Section 3583(e)(1)"). (See "Def. Mot.," Dkt. No. 288.) On March 31, 2022, the Government filed its opposition to early termination. (See "Gov't Opp'n.," Dkt. No. 291.) For the reasons set forth below, Reese's motion is denied.

    A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1). When determining whether early termination of supervised release is warranted, a court must consider the factors in 18 U.S.C § 3553(a), which include "issues such as deterrence, public safety, rehabilitation, proportionality,

1

and consistency, when it decides to "modify, reduce, or enlarge" the term or conditions of supervised release." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997). Early termination is "[o]ccasionally" warranted when "changed circumstances — for instance, exceptionally good behavior by the defendant" — render a previously imposed term or condition "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Id. at 36.

Reese requests early termination on the grounds that the standard condition that prohibits him from having contact with felons also prevents him from being self-employed as a legal assistant. (See Def. Mot. at 3, 5.) As the Government notes in its letter, Reese has failed to comply with the terms of his supervised release by having contact with felons, and he has not made restitution payments commensurate with his income. (See Govt. Opp'n. at 3-4.) Reese has thus failed to establish changed circumstances that warrant early termination of his supervised release.

Additionally, Reese was previously represented by counsel, Matthew Wasserman ("Wasserman"), who has not yet withdrawn his appearance. Wasserman now requests to withdraw his appearance because his prior representation was for the limited purpose of preparing and litigating Reese's motion

for compassionate release. (See Dkt. No. 292.) Wasserman's request is also granted.

## ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 288) of defendant Christopher Reese ("Reese") is **DENIED;** and further

**ORDERED** that the request from Reese's counsel, Matthew Wasserman, to withdraw as counsel (Dkt. No. 292) is **GRANTED.**

**SO ORDERED.**

Dated: April 5, 2022
      New York, New York

_____
Victor Marrero
U.S.D.J.

3