USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                Plaintiff,

- against -

CHRISTOPHER E. REESE,

                Defendant.

---

**12 CR 629 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 16, 2022, Christopher E. Reese ("Reese") was sentenced to eight (8) months' imprisonment for violations of his supervised release. Reese was ordered to self-surrender to the United States Marshals Service or to the prison designated by the Bureau of Prisons ("BOP") by 2:00 p.m. on September 30, 2022. Now before the Court is Reese's pro se motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582") (see "Motion," Dkt. No. 307) styled as an emergency motion to modify his term of imprisonment. For the reasons set forth below, the Court DENIES the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). However, a court

1

may do so only upon motion of the Director of the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id.

Any reduction of a defendant's sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist. Section 1B1.13 includes four considerations: (1) the "Medical Condition of the Defendant," such as a "terminal illness" or a condition that substantially diminishes a defendants' ability to care for themselves; (2) old age; (3) "Family Circumstances," such as the death of a minor child's caregiver or incapacitation of a defendants' spouse; or (4) any other reason "[a]s determined by the Director of the [BOP]." U.S.S.G. § 1B1.13, Application Notes 1(A)-(D).

Reese filed the Motion on September 21, 2022, only five days after the Court sentenced him, and before his date for self-surrender.

2

The Court must deny the Motion because Reese has not fully complied with the exhaustion requirements of Section 3582. The BOP has not filed any motion with respect to Reese, nor could they; Reese is not yet detained in a federal prison facility. Reese has also not filed any motion with the BOP and he makes no argument that the exhaustion requirements should be waived. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (confirming that Section 3582's exhaustion requirements cannot be waived, even during the COVID-19 pandemic). Accordingly, because the Court must "strictly enforce [the] statutory exhaustion requirements," Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004), it must deny Reese's Motion.

In addition to Reese's failure to satisfy the exhaustion requirements of Section 3582, Reese's Motion is also meritless. None of Reese's three arguments sufficiently demonstrate "extraordinary and compelling reasons" to modify his sentence.

First, the Court finds unpersuasive Reese's argument regarding his potential housing-insecurity. (See Motion at 5-6.) Housing-insecurity is not among the four examples listed in Section 1B1.13. And the Court is not aware of any cases, and Reese cites none, finding that potential housing-insecurity constitutes such an "extraordinary and compelling

3

reason[]" under Section 3582. To the extent that this argument bears on Reese's medical conditions, that argument would also fail. (See Motion at 5 (describing "long and arduous medical issues").) None of Reese's conditions is a "terminal illness" nor do they sufficiently rise to the standard of "substantially diminish[ing] the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Notes 1(A)(i), (ii).

Second, the Court rejects Reese's argument that modification is proper so that he may tend to funeral arrangements for his recently deceased brother. (See Motion at 6-7.) Section 1B1.13 provides for modification of a sentence due to family circumstances in only two circumstances: "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children. [And] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Application Notes 1(C). Neither circumstance applies here.

The Court also rejects Reese's alternative request to extend the date for self-surrender from September 30, 2022 to October 17, 2022. At sentencing (and without objection),

4

Reese's counsel requested September 30, 2022 as the date that Reese would self-surrender. This date was chosen specifically to allow time for Reese to tend to his brother's funeral arrangements before serving his term of imprisonment. That Reese now claims he requires additional time cannot be reconciled with his agreement made before the Court to self-surrender on September 30, 2022 at 2:00 p.m.

Third, the Court is unconvinced by Reese's argument that modification of his sentence is proper because his association with felons was sanctioned. (See Motion at 7-9.) To begin, Reese pled guilty to specifications three and five — both relating to "association with known convicted felons," — and was aware of the sentence he could face. (See Judgment at 1, Dkt. No. 306.) And as a factual matter, Reese is incorrect that his conduct was allowed. The Probation Department made clear at the September 16, 2022 sentencing of Reese that it did not ratify Reese's requests in December 2020 and March 2022 that he be allowed to prepare legal filings for felons. In fact, the Probation Department advised Reese to stop associating with felons in this fashion. (See Gov't Sentencing Submission at 1-2, Dkt. No. 304.)

Reese's association with felons is also not authorized by the Second Circuit and United States Supreme Court precedent he cites. (See Motion at 8.) Reese argues that the

5

Second Circuit has followed the Supreme Court's instruction to allow "incidental contacts between ex-convicts in the course of work on a legitimate job for a common employer." (Id. (quoting United States v. Bryant, 976 F.3d 165, 182 (2d Cir. 2020) (quoting Arciniega v. Freeman, 404 U.S. 4, 4 (1971))).) But Reese's contacts with felons were not "incidental," "such as by having lunch with coworkers" who also may be felons. Bryant, 976 F.3d at 182. Reese's provision of legal assistant services to felons was purposeful, making his association with them deliberate, not incidental. Reese also cannot reasonably argue that his contact occurred through a "legitimate job for a common employer," since Reese was self-employed while working *for* (not with) the felons. Cf. Arciniega, 404 U.S. at 4 (explaining that incidental contact through "occupational association" occurs when an "employer, willing to hire ex-convicts, hires more than one").

Finally, Reese's improper association with felons is not saved by his argument that his conduct is legal under New York Judiciary Law Section 484 ("Section 484"). Reese argues that the alleged conduct occurred in the context of motions filed in federal court and that Section 484's prohibitions on unlicensed law practice are limited to filings in only a "court of record" in New York, which does not include federal

6

district courts. (See Motion at 9.) While Reese may be correct that New York Judiciary Law Section 2 does not include federal courts in the definition of "courts of record," see also Wyatt v. Kozlowski, No. 19 Civ. 159, 2019 WL 3729262, at *3 n.5 (W.D.N.Y. Aug. 8, 2019) ("A federal district court is not included among 'courts of record' as defined by N.Y. Jud. Law § 2."), Section 484 is broader than Reese's selective quotation and prohibits, among other things, making "it a business to practice for another as an attorney *in any court*." N.Y. Jud. Law. § 484 (emphasis added). Accordingly, it is hereby

**ORDERED** that the motion of Christopher E. Reese for modification of his eight-month sentence (Dkt. No. 307) is **DENIED.**

**SO ORDERED.**

Dated:    September 26, 2022
          New York, New York

_____
                                          Victor Marrero
                                          U.S.D.J.