USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES,

                Plaintiff,

    - against -

CHRISTOPHER E. REESE

                Defendant.

---

**12-cr-629 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 16, 2022, Christopher E. Reese ("Reese") was sentenced to eight (8) months' imprisonment for violations of his supervised release. On September 23, 2022, Reese filed a pro se motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582") (see "Motion," Dkt. No. 307) styled as an emergency motion to modify his term of imprisonment. On September 26, 2022, the Court denied the Motion. (See "Order," Dkt. No. 308.) Later that day, Reese filed a pro se motion asking the Court to reconsider its Order (see "Reconsideration Motion," Dkt. No. 309). The Government filed its opposition on September 27, 2022. (See "Opposition," Dkt. No. 310.) The Court has reviewed the Reconsideration Motion and the Opposition. The Court takes this occasion to further elaborate on its reasoning.

1

Thus, for the reasons set forth below, the Court DENIES Reese's Reconsideration Motion.[1]

I. **DISCUSSION**

Reese makes two arguments in his Reconsideration Motion. First, Reese argues that the Court failed to properly apply the Second Circuit precedent set forth by United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). (See Reconsideration Motion at 3.) Brooker held that, in light of the First Step Act, "[United States Sentencing] Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, [so] Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." Brooker, 976 F.3d at 236. Second, Reese posits that because he is not yet in federal detention, he need not satisfy Section 3582's exhaustion requirements. (Reconsideration Motion at 4.) The Government submits that the Court's Order was decided correctly on both procedural and substantive grounds and argues that the sentencing factors in 18 U.S.C. Section

---

[1] On September 27, 2022, Reese also requested an extension of his self-surrender date because the Bureau of Prisons ("BOP") had not yet designated a facility. (See Dkt. No. 311.) The Court DENIES this request, too. As the Court stated at the hearing on September 16, 2022 and in its Order, if BOP has not designated a facility by September 30, 2022, Reese must self-surrender to the United States Marshals Service at 2:00 p.m. on September 30, 2022. (See Order at 1.)

2

3553(a) also foreclose modifying Reese's sentence. (See generally Opposition.)

A.   ADMINISTRATIVE EXHAUSTION

The Court begins with Reese's second argument and reaffirms its conclusion that the Motion was properly denied for failure to exhaust administrative remedies.

Reese argues that he need not exhaust administrative remedies because he is not currently in federal custody. (See Reconsideration Motion at 4.) Two courts in this Circuit have found that a defendant can seek sentence modification prior to incarceration in a federal facility and without first exhausting administrative remedies. See United States v. Austin, 468 F. Supp. 3d 641 (S.D.N.Y. 2020); United States v. Thrower, 495 F. Supp. 3d 132 (E.D.N.Y. 2020).[2] Neither decision applies here. In Austin and Thrower the Court allowed the defendants' pre-incarceration motions for compassionate release to move forward only because of the "narrow and exceptional situation[s] presented," which were that (1) the defendants had already served the majority of their

---

[2] For this proposition, Reese cites only to a brief filed by the Government in an unrelated case where the Government conceded that the exhaustion doctrine would not apply to a defendant currently housed in state prison. (See Reconsideration Motion at 4 (citing Gov't Resp. Br., United States v. Pena, No. 18 Crim. 844 (S.D.N.Y. February 26, 2021) (Dkt. No. 104).) The Court is not bound by the concession in Pena, and the Government does not forfeit the argument here. (See Opposition at 1.) See also United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021) ("[Section] 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government.").

sentences; (2) were released for a period of time following successful challenges to their convictions under 28 U.S.C. Section 2255; but (3) had the remainder of their original sentences reinstated by the Second Circuit on appeal and were imminently due to return to federal custody. See Austin, 468 F. Supp. 3d at 642-43, 644; Thrower, 495 F. Supp. 3d at 140.

The narrow circumstances that persuaded the courts in Austin and Thrower are not present here. Reese has not served any time for the new violations to which he pled guilty. The Court thus declines to apply Austin and Thrower and instead follows the majority of courts in this Circuit that have held that Section 3582 "[b]y its plain terms . . . applies only to those defendants who have begun serving their term of imprisonment at a BOP facility." United States v. Olivieri, No. 18 Crim. 316, 2021 WL 4120544, at *3 (S.D.N.Y. Sept. 9, 2021) (collecting cases); see also Brooker, 973 F.3d at 233 ("BOP is still given the first opportunity to decide a compassionate release motion."). Thus, because Reese has not started serving his sentence, he cannot yet move to modify it and the exhaustion requirement must be satisfied.

B.   APPLYING BROOKER

Although it would be sufficient stop there, the Court next addresses Reese's first argument in his Reconsideration Motion, that the Court failed to properly apply the Second

Circuit decision in Brooker. Reese is correct that, post-Brooker, the Court is not limited to assessing only the four grounds set forth by United States Sentencing Guideline ("U.S.S.G." or "Guideline") Section 1B1.13 ("Section 1B1.13") and may exercise discretion in determining whether any other consideration constitutes an extraordinary and compelling reason to modify a sentence without deference to the BOP. In its Order, the Court looked to Section 1B1.13 for guidance, particularly in circumstances where Reese raised issues already within Section 1B1.13's ambit. Doing so was proper even post-Brooker. See United States v. Lewis, No. 00-cr-1118, 2021 WL 3292180, at *2 (S.D.N.Y. Aug. 2, 2021) ("Though the Bureau of Prisons policy statements and application notes are not binding, they can add insight."); Olivieri, 2021 WL 4120544 at *4 (same).

As to Reese's first argument for modification, the Court's Order assessed not only whether housing-insecurity was a relevant consideration under Section 1B1.13 (it is not) but also whether any other courts had determined that housing-insecurity constituted an extraordinary and compelling circumstance. (See Order at 3-4.) Reese does not explain why "his incarceration for 8 months will leave him with no place to return," or how he is "certain that housing will not be readily available upon his release." (Motion at 5.) These

5

conclusory statements are unpersuasive and are not extraordinary and compelling reasons justifying modification of Reese's sentence. While the Court is mindful that housing-insecurity is a systemic issue many criminal defendants face once released, see Am. Bar Ass'n, Collateral Consequences of Criminal Convictions: Judicial Bench Book at 5 (March 2018), https://www.ojp.gov/pdffiles1/nij/grants/251583.pdf, that consideration alone does not persuade the Court, given that Reese made no claim of inability to (and, in fact, did) find housing after serving his initial 108-month sentence.

Further, the Court's Order assessed Reese's housing-insecurity argument with respect to Reese's medical conditions. (See Order at 3-2.) Medical conditions are relevant considerations covered by Section 1B1.13. The Court determined that the health conditions Reese pointed to were not sufficiently serious to warrant a modification of his sentence. (See Id.) In doing so, the Court looked to Section 1B1.13 for guidance on what could constitute a sufficiently severe medical condition. (Id.); see Lewis, 2021 WL 3292180, at *2. But even without reference to Section 1B1.13, the Court is not persuaded that Reese's cited conditions ("severe fecal and urinary incontinence") constitute extraordinary and compelling reasons. (Motion at 5.) Reese does not argue these conditions affect or make it exceptionally more difficult or

dangerous for him to serve his sentence. (See id.) Cf. Olivieri, 2021 WL 4120544, at *5 (looking to Section 1B1.13 and finding that defendant's "congestive heart failure, pulmonary effusion, and dementia . . . , marked deterioration and the accompanying impairment of his ability to care for himself [since the sentence was imposed]" were extraordinary and compelling reasons). Reese argues only that his medical problems will "[f]urther complicat[e] the housing issue," but does not explain how. (Motion at 5.) As articulated above, the Court does not find that housing-insecurity constitutes an extraordinary and compelling reason even considering Reese's medical conditions.

Reese's second argument for modification of his sentence maintains that the current self-surrender date of September 30, 2022 and his 8-month sentence would not provide him sufficient time to tend to his recently deceased brother's estate. (Motion at 6-7.) On this issue, the Court's Order was not based solely on Section 1B1.13's guidance regarding which family circumstances constitute extraordinary and compelling reasons but was also based on Reese's agreement to self-surrender on September 30, 2022, specifically so that he could have sufficient time tend to his brother's estate. The Court thus properly considered and rejected Reese's argument.

7

Reese's final argument, that his association with felons was allowed, thus constituting an extraordinary and compelling reason to modify his sentence, was also properly rejected. In its Order, the Court did not reject Reese's theory simply because it was not among the Section 1B1.13 considerations. (See Order at 5-7.) The Court did not refer to Section 1B1.13 at all in its analysis of this point. Thus, the Court properly applied Brooker.

At bottom, Reese's argument here is that the violations of supervised release he pled guilty to were not violations at all. But this Court previously explained that "it would be 'improper' to allow defendants [like Reese] to use Section 3582 as a 'vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.'" United States v. Minaya, No. 01 Crim. 619 (VM), 2020 WL 5512518, at *3 (S.D.N.Y. Sept. 14, 2020) (citation omitted). Thus, the Court rejects Reese's argument as improper on this additional ground.

C. SECTION 3553(A) FACTORS

Even if Reese had demonstrated "extraordinary and compelling reasons" under Section 3582, on balance the considerations listed in 18 U.S.C. Section 3553(a) still weigh against modification of his sentence. See Olivieri, 2021 WL 4120544, at *6 (finding extraordinary and compelling

8

reasons could exist but denying motion because the court "already considered these circumstances . . . and determined that a custodial sentence" was appropriate).

At Reese's sentencing, the Court considered (except regarding housing-insecurity) the same arguments Reese now makes and determined that the 8-month custodial sentence was "sufficient but not greater than necessary." 18 U.S.C. § 3553(a); (see generally Dkt. No. 305 (Reese's sentencing submission)). The Court explained that the 8-month custodial sentence was necessary because of the seriousness of Reese's conduct, which had been ongoing. The Court considered allegations regarding Reese's interference with certain felons' attorney-client relationships, and how Reese held himself out as an attorney to collect fees in excess of $400,000 dollars. (See also Dkt. No. 304 at 3.) The Court noted that Reese's conduct continued even after the Probation Department advised him to stop. (See also id. at 2.) Bearing in mind that the Court sentenced Reese towards the bottom of the advisory guidelines range, which called for a 6-12 months' sentence, the Court is not persuaded that a further reduction of Reese's sentence would adequately reflect the seriousness of Reese's violations, promote respect for the law, provide just punishment for the offenses, and afford adequate deterrence to criminal conduct.

Accordingly, it is hereby

**ORDERED** that the motion of Christopher E. Reese ("Reese") for reconsideration (Dkt. No. 309) is **DENIED,** and it is further

**ORDERED** that Reese's letter-request seeking an extension of the date to self-surrender (Dkt. No. 311) is **DENIED.** Reese is directed to self-surrender to United States Marshal for the Southern District of New York by September 30, 2022 at 2:00 p.m. in the event the Bureau of Prisons has not designated a facility for Reese by that time.

**SO ORDERED.**

Dated:   September 29, 2022
         New York, New York

_____
             Victor Marrero
             U.S.D.J.