USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                Plaintiff,

    - against -

CHRISTOPHER E. REESE

                Defendant.

**12 Crim. 629 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 16, 2022, the Court sentenced defendant, Christopher E. Reese ("Reese") to 8-months' imprisonment. (See Dkt. No. 306). Reese had pled guilty to two violations of his supervised release, Specifications 3 and 5, both of which charged Reese with associating with known felons. The Court accepted Reese's guilty plea as made knowingly and voluntarily. Once sentenced, Reese began filing a flurry of pro se motions. First, Reese filed a pro se emergency motion seeking modification of his 8-month sentence on September 23, 2022. (See Dkt. No. 307.) The Court denied that motion on September 26, 2022. (See Dkt. No. 308.) That same day, Reese file a pro se motion for reconsideration. (See Dkt. No. 309.) And the next day Reese sought to extend his date for self-surrender. (See Dkt. No. 311.). While Reese's motions were pending, on September 27, 2022, Reese filed a notice of appeal. (See Dkt. No. 312.) On September 29, 2022, the Court

1

denied both Reese's motion for reconsideration and for extension of his self-surrender date. (See Dkt. No. 314.) Now before the Court is Reese's pro se motion for bail pending appeal brought under 18 U.S.C. Section 3143(b) ("Section 3143(b)"). (See "Bail Motion," Dkt. No. 313.) For the reasons set forth below, Reese's motion is DENIED.

Section 3143(b) provides a presumption that "a person who has been found guilty of an offense and sentenced to term of imprisonment, and who has filed an appeal . . . shall be detained." Section 3143(b) also provides an exception to being detained if a defendant satisfies both considerations of a two-prong test. First, the judicial officer must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(A). The second prong has two subparts, both of which must also be satisfied. The judicial officer must find that "[1] the appeal is not for the purpose of delay and [2] raises a substantial question of law or fact likely to result in," as Reese argues here, "reversal." Id. § 3143(b)(B)(i).

Reese argues he has satisfied all prongs of Section 3143(b) because he is not a flight risk, and his appeal raises substantial questions of fact. (See Bail Motion at 4-6.) A "substantial question" is "one of more substance than could

2

be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way," but it does not require the district court to find "that its own judgment is likely to be reversed on appeal." United States v. Randell, 761 F.2d 122, 124-25 (2d Cir. 1985).

Because the Court finds that Reese's appeal is for the purpose of delay and does not raise a substantial question of law or fact, the Court does not address whether Reese is a flight risk.

In the Bail Motion, Reese concedes that the purpose of his appeal and the accompanying Bail Motion are to delay serving his sentence. Reese can only seek bail by filing his appeal. And Reese could escape his sentence entirely if bail was granted because, as he says, by the time his "appeal could be adjudicated" he would have "completely served his sentence . . . rendering the substantial issues raised on appeal moot." (Bail Motion at 5.) Accordingly, the Court finds that the purpose of Reese's appeal and subsequent Bail Motion are to delay serving his sentence.

Additionally, the Court concludes that there are no substantial factual or legal questions likely to result in reversal. Indeed, it is not close: Reese entered his guilty plea knowingly and voluntarily and accepted responsibility

3

for associating with known felons, so there is not a likelihood of reversal. Cf. United States v. Boyd, No. 21 Crim. 486, 2022 WL 790771, at *1 (S.D.N.Y. Feb. 3, 2022) ("Because Boyd entered his guilty plea knowingly and voluntarily, there is not 'a substantial likelihood' of acquittal."). Reese raises no other defects with his guilty plea and previously argued that his plea was "an extraordinary acceptance of responsibility." (Dkt. 307 at 7.)

While it is sufficient that Reese knowingly and voluntarily entered a plea of guilty to associating with known felons, Reese's arguments as to why a substantial question of fact exists are also unpersuasive. He posits that there was nothing in record specifying which felon he associated with for the violation noted by Specification 3 of the violation report, and that he was unaware of another individual's status as a felon for the violation noted in Specification 5. (See Bail Motion at 5-6.) But the operative violation report in the record at the time Reese entered his plea notes that Reese admitted to having contact with felons in relation to his work. Reese did not challenge this particular admission either during his plea allocution or at sentencing. And the report indicates that, with respect to Specification 5, Reese discussed the individual's sentencing guidelines range,

4

strongly suggesting awareness of the individual's criminal history.

Nevertheless, the documents submitted by Reese and the government as part of their sentencing submissions establish that Reese cannot reasonably argue he was not aware of these individuals or their status. Reese submitted a letter that he had written to the Probation Department conceding he had "direct contact with federal and state prisoners." (See, e.g., Dkt. No. 305, Exh. B at 2.) And the Government submitted as evidence motions, for which they allege Reese provided assistance, that identify the individuals Reese was in contact with and strongly indicate their status as felons. (See, e.g., Dkt. No. 304, Exhs. 2 and 6.) Thus, no substantial question of fact is raised.

Accordingly, it is hereby

**ORDERED** that the motion of Christopher E. Reese for bail pending appeal (Dkt. No. 313) is **DENIED**.

**SO ORDERED.**

Dated:    September 30, 2022
          New York, New York

_____
          Victor Marrero
          U.S.D.J.