USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                Plaintiff,

- against -

CHRISTOPHER E. REESE,

                Defendant.

---

**12 Crim. 629 (VM)**
**22 Civ. 8637 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On October 7, 2022, defendant, Christopher E. Reese ("Reese") filed a pro se motion under 18 U.S.C. Section 3143(b) seeking immediate release on bail pending the disposition of his appeals. (See Dkt. No. 319.) On October 10, 2022, Reese filed a pro se motion under 28 U.S.C. Section 2255 seeking to vacate and set aside his sentence. (See Dkt. No. 320; 22 Civ. 8637, Dkt. No. 1.) Reese previously filed motions seeking substantially similar relief (see Dkt. Nos. 307 (motion to modify sentence), 309 (motion for reconsideration), 313 (motion for bail pending appeal)), which the Court denied (see Dkt. Nos. 308, 314, 317). Reese's new motions are thus best construed as motions for reconsideration under Local Criminal Rule 49.1(d) ("Rule 49.1(d)").[1]

---

[1] Before Rule 49.1(d) was enacted, courts in this district applied the almost identical civil standard set forth in Local Rule 6.3. See United States v. Mottley, No. 03 Crim. 303, 2003 WL 22083420, at *1 (S.D.N.Y.

1

The standard for granting a motion for reconsideration is strict and the motion should be granted only when the movant demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Waring, No. 17 Crim. 50, 2022 WL 2236334, at *2 (S.D.N.Y. June 22, 2022); see also Schoolcraft v. City of N.Y., 298 F.R.D. 134, 136 (S.D.N.Y. 2014). The strict standard is intended to ensure "the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." United States v. Peterson, No. 12 Crim. 409, 2012 WL 5177526, at *1 (S.D.N.Y. Oct. 19, 2012) (citation omitted). To succeed under Rule 49.1(d), the movant must "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Crim. R. 49.1(d). "[T]he motion for reconsideration must be denied," however, if it merely restates arguments already presented or attempts to advance new facts. United States v. Alvarez-Esteves, No. 13 Crim. 380, 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014) (citation omitted). Reese fails to meet these exacting standards, and the Court DENIES both motions.

---

Sept. 9, 2003); United States v. Greenfield, No. 01 Crim. 401, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001).

2

Reese argues that the terms of his supervised release and the Court's previous orders used the term "associate" to describe Reese's conduct, which he claims is vague, and that he did not know the persons with whom he was associating were felons. These arguments (the latter, explicitly) rehash arguments Reese previously made (see Dkt. No. 307 at 4; Dkt. No. 313 at 5-6) and which the Court rejected (see Dkt. No. 308 at 5-6; Dkt. No. 317 at 3-5). Such restated arguments are inappropriate on a motion for reconsideration and must be denied. See Alvarez-Esteves, 2014 WL 12681364, at *1.

Nevertheless, Reese's vagueness argument is meritless. The Second Circuit has regularly "upheld against a claim of unconstitutional vagueness a condition forbidding association with persons having criminal records," i.e., felons. United States v. Bryant, 976 F.3d 165, 182 (2d Cir. 2020) (citing United States v. Albanese, 554 F.2d 543, 546 & n.5 (2d Cir. 1972)). Reese had not, until now, objected to the condition — which seeks to prevent him from having any "association" with felons — as being vague. Even if he had, Reese's challenge to that condition does not implicate his First Amendment rights, so a facial vagueness challenge is meritless. See Robinson v. New York, 09 Civ. 0455, 2010 WL 11507493, at *6 (N.D.N.Y. Mar. 26, 2010) (citing Birzon v. King, 469 F.2d 1241, 1242-43 (2d Cir. 1972) (holding that a

3

term of parole prohibiting the defendant from "associat[ing] with persons who have a criminal record" did not implicate First Amendment rights)); see also United States v. Requena, 980 F.3d 30, 40 (2d Cir. 2020) (instructing that courts should evaluate "[v]agueness challenges [] not threatening First Amendment interests . . . in light of the facts of the case at hand, *i.e.*, only on an as-applied basis" (internal quotation marks omitted)); cf. United States v. Marshall, 808 F. App'x 11, 13-14 (2d Cir. 2020) (rejecting vagueness challenge to condition prohibiting "association" with "criminal gang, club or organization").

As applied to Reese's conduct, the vagueness challenge fails. See United States v. Houtar, 980 F.3d 268, 277 (2d Cir. 2020) ("The vagueness issue on an as-applied challenge is not whether the statute's reach is clear in every application, but whether it is clear as applied to the defendant's conduct."). Indeed, Reese knew his conduct amounted to association with felons. The violations report submitted by the Probation Department explained that the Probation Department told Reese that to be compliant with the terms of his supervised release, he needed to stop assisting felons with their legal filings; in other words, to stop *associating* with felons. Reese did not contest the recitation of these facts as inaccurate and, under oath, testified that

4

he agreed with the charges as set forth in the violations report. Of course, Reese's conduct falls within any definition of the term "associate" because, as this Court previously explained, his provision of legal assistance was "purposeful" and "deliberate" (see Dkt. No. 308 at 6) and "more than merely a fleeting or casual acquaintance." Birzon, 469 F.2d at 1243 (defining the margins of term "associate"). Either way, Reese cannot now reasonably complain that he did not know his conduct violated the terms of his release when he was on actual notice from the Probation Department that it did.

Reese's motion to vacate then combines the vagueness argument with a new one: that his Sixth Amendment rights were violated when his counsel "fail[ed] to seek dismissal of the violation petition" as unconstitutionally vague and instead advised him to plead guilty to the violations. (See generally Dkt. No. 320.) The Court rejects this argument for two reasons. First, as described above, Reese's vagueness challenge is meritless, so Reese's counsel did not perform deficiently or cause him actual prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, during his plea colloquy, Reese, under oath, attested to being satisfied with his counsel. Reese's statements made during his plea colloquy are regarded as conclusive absent credible reason (and there

5

is none here) "justifying departure from their apparent truth." See United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992) (citation omitted).

Accordingly, for the reasons stated above, Reese fails to establish any grounds for reconsideration and the Court DENIES both Reese's motion for bail pending appeal (Dkt. No. 319) and the motion to vacate his sentence (Dkt. No. 320; 22 Civ. 8637, Dkt. No. 1).

**SO ORDERED.**

Dated:   12 October 2022
         New York, New York

_____
Victor Marrero
U.S.D.J.