USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/20/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                    Plaintiff,

          - against -

CHRISTOPHER E. REESE,

                    Defendant.

**12 Cr. 629 (VM)**

<u>ORDER</u>

**VICTOR MARRERO, United States District Judge.**

Christopher E. Reese ("Reese") submitted a petition for a writ of error *coram nobis*, seeking to have his conviction for aggravated identity theft vacated following the Supreme Court's recent decision in <u>Dubin v. United States</u>, 599 U.S. ----, 2023 WL 3872518 (June 8, 2023). (<u>See</u> "Petition" or "Pet.," Dkt. No. 333.) For the following reasons, the Petition is **DENIED**.

Reese was found guilty by a jury of (Count 1) conspiracy to commit bank fraud in violation of 18 U.S.C. Section 1349; (Count 2) bank fraud in violation of 18 U.S.C. Section 1344; (Count 3) conspiracy to commit wire fraud in violation of 18 U.S.C. Section 1343; and (Count 4) aggravated identity theft in violation of 18 U.S.C. Section 1028(A). Reese was sentenced to 108 months' imprisonment, comprising 84 months for Counts 1, 2, and 3, to run concurrently, and followed by 24 months on Count 4. Reese has fully served this sentence.

1

Reese now argues that the Court should grant the Petition on the grounds that the Supreme Court's decision in Dubin "invalidated, as a matter of law, [Reese's] conviction for aggravated identity theft." (Pet. at 4.) Reese submits that because the jury returned a "general verdict" and the Government did not "identify which 'name' was used" in furtherance of the predicate acts (i.e., Counts 1, 2, and 3), that "no 'means of identification' [] were at the crux of the predicate offenses." (Pet. At 5.)

Setting aside whether a writ of error *coram nobis* is the appropriate procedural vehicle here, Reese's appeal to Dubin is meritless.[1] Although true that Dubin narrowed the reach of the aggravated identity theft statute from how the Government had been employing it -- see 2023 WL 3872518, at *5 ("[t]he relevant language in § 1028A(a)(1) []covers . . . fraud going to identity, not misrepresentation about services actually provided.") -- the Supreme Court left intact "use[s]

---

[1] "The writ of coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus, yet continue to suffer legal consequences of their conviction." Calderon v. United States, 953 F. Supp. 2d 379, 382-83 (E.D.N.Y. 2013) (citing Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998)). There is only marginal support for the notion that an intervening change of law is sufficient to support a *coram nobis* petition. See Martinez v. United States, 840 F. App'x 660, 662 (Mem) (2d Cir. 2021). More critically, Reese does not indicate that he continues to suffer any legal consequences stemming from his conviction of the aggravated identity theft count. Cf., e.g., Calderon, 953 F. Supp. 2d at 383 (granting writ where defendant was improperly advised that taking the plea offered would not result in deportation but was then subject to removal proceedings).

involving fraud or deceit about identity" such as "'a defendant [who] had used another person's identification information to get access to that person's bank account.'" Id. at *10 (citing Flores Figueroa v. United States, 556 U.S. 646, 656 (2009)). Such circumstances continue to represent "classic identity theft," where "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense [and] this use is at the crux of what makes the conduct criminal." Id. at *10, 12.

Reese's conduct falls squarely within the classic variety of identity theft left untouched by Dubin. The Government introduced evidence at trial that as part of bank and check fraud scheme, Reese stole and used the identity of at least John Sakal (including bank account information and Sakal's social security number and signature) to deposit stolen checks and then accessed Sakal's PayPal account to try to retrieve the deposited funds. (See Tr. 290-310.) Reese's suggestion that the Government failed to identify a "name" related to the identity theft is frivolous at best and belied by his own testimony at trial. (Id. 562 ("[Reese]: there was testimony from John Sakal . . . [that] he didn't attempt to negotiate the check that had his name on it. Q: So someone used his identity? A. Someone used his name, yes.").) There is no doubt that the misuse of Sakal's "means of

identification is at the crux of what ma[de] [Reese's] underlying offense criminal." Dubin, 2023 WL 3872518, at *3. Dubin thus has no effect on the Government's charge of aggravated identity theft and does not serve to vacate Reese's conviction.

For the foregoing reasons, it is hereby

**ORDERED** that the petition for writ of error *coram nobis* by Christopher E. Reese (Dkt. No. 333) is **DENIED.** The Clerk is respectfully directed to terminate the motion pending at Dkt. No. 333.

**SO ORDERED.**

Dated:    20 June 2023
          New York, New York

_____
                         Victor Marrero
                         U.S.D.J.