UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                 :
UNITED STATES OF AMERICA,             :
                 :
            -against-               :            12-CR-629 (VEC)
                 :
CHRISTOPHER REESE,                      :            <u>OPINION & ORDER</u>
                         Defendant.    :
                 :
-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        Mr. Reese began a one-year term of supervised release on April 18, 2023. On April 16, 2024, the Probation Office filed a petition alleging that he violated the terms of supervised release. Mr. Reese moves to dismiss the petition as untimely. The motion is DENIED.

## BACKGROUND

        On September 16, 2022, the Hon. Victor Marrero accepted Defendant Christopher Reese's admission that he had violated the terms of supervised release and sentenced him to an eight-month term of imprisonment, to be followed by one year of supervised release. *See* Judgment, Dkt. 306. Reese was released from incarceration on April 18, 2023, to begin the one-year term of supervised release. April 16, 2024, Violation of Supervised Release Petition (the "Petition") at 2. Probation calculated that his term of supervised release would terminate on April 17, 2024, one day prior to the anniversary of his release (that day constituting Day 1 of supervision). *Id*. On April 16, 2024, the Probation Office filed a petition alleging that Reese had violated the terms of supervised release. *Id*. The Court issued a warrant for Mr. Reese's arrest that same day. *See* Arrest Warrant, Dkt. 358.

        Mr. Reese now moves to dismiss the Petition on the ground that it was untimely filed.

## DISCUSSION

The crux of the defense's argument is that the Court lacks jurisdiction to find that Mr. Reese violated the terms of supervised release because his one-year term of supervision had expired by the time the Probation Office filed the Petition. To arrive at this conclusion, the defense presents two conflicting ways of calculating a "year," neither of which has any basis in law or common sense.

The defense's first argument for why the Petition was untimely is as follows:

> Mr. Reese was released on April 18, 2023 around 10 a.m. The final day of his supervised release was not April 17 as stated in the violation report but 364 days after April 18, 2023 (counting the day of his release as the first day of the term of supervised release). Since 2024 was a leap year, 364 days later was April 16, 2024. Accordingly, by the middle of the day on April 16, 2024, Mr. Reese had completed his term of supervised release and the warrant, signed around 2 p.m., was not issued within the time limit set in the statute.

Motion to Dismiss ("Mot."), Dkt. 404, at 2–3. Put otherwise, the defense posits that a "year" consists of 365 days, regardless of whether it is a leap year, and with the date of release counting as the first day. If that were all the defense was arguing, it would be entirely unhelpful because the Petition was filed on April 16, 2024, the 365th day of Mr. Reese's supervised release. To avoid that outcome, the defense argues, for reasons unknown, that the clock must begin with one day pre-banked and that all subsequent days must be measured in precise twenty-four-hour increments starting the minute the defendant is released from prison.[1] The upshot of defense's theory is that a "year" consists of 364, rather than 365, twenty-four-hour periods.

The sole authority that the defense cites for this assertion is a footnote from *United States v. Smith*, 982 F.2d 757 (2d Cir. 1992), which is wholly unsupportive. In the footnote, the court noted that at the time a revocation hearing was scheduled for a defendant whose one-year term of

---

[1] Although it is not relevant because the Court rejects the defense's theory, the Court notes that the only basis for the assertion that Mr. Reese was released from custody at approximately 10:00 A.M. is the Defendant's own say so. *See* Mot. at 1.

supervised release began on April 8, 1991, the parties were unsure "whether the release term would expire on April 6 or April 7;" 1992 was a leap year, so 365 days from the day of release would have elapsed by April 7. *Id.* at 759 n.1. Being careful, "the [district] court elected to hold the hearing on the afternoon of the 6th, rather than risk losing jurisdiction by granting a one-day continuance." [2] *Id.* The Second Circuit explained, however, that the district court's caution was unnecessary because the defendant's term of supervised release was not set to expire until April 7, 1992. *Id.* at 759. *Smith*, therefore, eliminates any doubt that a "year" refers to a calendar year, irrespective of whether it is a leap year.[3] But even if the *Smith* court had concluded that the defendant's one-year term of supervised release could not exceed 365 calendar days, that would not provide any support for the apparent theory that the clock on Mr. Reese's supervised release began running the moment he left custody and ended exactly 364 twenty-four-hour periods later.

On reply, the defense switches its definition of a "year" altogether. The revised theory renders irrelevant all prior representations about the time of day on which Mr. Reese's supervision may have begun or ended, and instead asserts that "Mr. Reese's supervision expired at midnight on April 15th, i.e. at the beginning of April 16." Reply, Dkt. 408, at 2. Mr. Reese cites no authority for this new theory, which, as best the Court can surmise, is that a "year" refers to a period of 364 calendar days, with supervision ending the moment that the 364th day ends and the 365th day begins. The Court takes judicial notice that this is inconsistent with any

---

[2] *Smith* was decided before Congress codified an amendment to the supervised release statute to clarify that courts may, subject to certain limitations, revoke supervised release after the release term has expired. 18 U.S.C. § 3583(i).

[3] This interpretation is consistent both with common usage and with how the Second Circuit has calculated the passage of time when interpreting other statutes. *See, e.g.*, *Harper v. Ercole*, 648 F.3d 132, 134 & n.1 (2d Cir. 2011) (one-year limitations period for AEDPA filing was 366 days in 2008, a leap year); *Albertson v. Apfel*, 247 F.3d 448, 449 (2d Cir. 2001) (noting, in a case regarding Social Security benefits, that "leap years are considered to be nothing more than ordinary calendar years," and citing the dictionary definition of a year as "a cycle in the Gregorian calendar of 365 or 366 days divided into 12 months beginning with January and ending with December").

ordinary usage of the word "year" and cautions the defense not to waste judicial resources with frivolous arguments.[4]

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Petition is DENIED. The parties are reminded that Mr. Reese will be sentenced in connection with *United States v. Reese*, 24-cr-402 (S.D.N.Y.), on **August 20, 2025, at 10:30 A.M.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007. By not later than July 31, 2025, the Defendant must inform the Court whether he is prepared to admit the specifications of violation of supervision and, if he is not, whether he objects to the Court considering the trial record for purposes of determining whether the Government has proven the charged violations.

**SO ORDERED.**

**Date:  July 7, 2025**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[4]  In addition to the frivolous arguments presented by defense counsel, Mr. Reese submitted a frivolous *pro se* argument that this Court has "lost jurisdiction based solely on [the] unreasonable and unnecessary delay in conducting a revocation hearing within a reasonable time after supervision expired on April 16, 2024." Reply at 2 n.2. "Unless waived by the person, the court must hold the revocation hearing" on an alleged violation of the terms of supervised release "within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). Every delay in this case has been the result either of Mr. Reese's own requests or of common sense. In January 2025, Mr. Reese represented to the Court that the "reasonable time to hold the [revocation] hearing" was within thirty days. January 27, 2025, Letter, Dkt. 391 at 1. Judge Marrero disagreed, concluding that "the most efficient and reasonable use of judicial resources" would be to schedule the revocation hearing after Mr. Reese stood trial in a separate case before the Undersigned in March, given the factual overlap between some of the charges in that case and some of the specifications in the Petition. January 30, 2025, Dkt. 394, at 2. Following that trial, in which Mr. Reese was convicted on four counts, this case was transferred to the Undersigned. *See* March 26, 2025, Order, Dkt. 397. At the first conference in this matter before the Undersigned, Mr. Reese raised the arguments outlined in this motion to dismiss for the first time, prompting the Court to set a briefing schedule. *See* April 4, 2025, Order, Dkt. 402. The Court also set a sentencing date of June 26, 2025, which was adjourned to August 20, 2025, in response to Mr. Reese's request to adjourn to "mid-September." June 6, 2025, Order, Dkt. 410. It is clear, given this procedural history, that this case has proceeded on a reasonable timeline.